## CONSOLIDATED TEXTILE CORPORATION v. ISERSON et al.

(District Court, S. D. New York. November 20, 1923.)

I. **Removal of causes** &#8709;44—**Cause held removable by party impleaded to answer counterclaim.**

Defendant, in an action in a state court of New York by the assignee of a contract, set up in his answer a counterclaim against the assignor for breach of the contract, alleging damages greatly in excess of the sum sued for, and praying for affirmative relief, brought in the assignor as a

defendant, under Civil Practice Act N. Y. § 271. *Held*, that the cause was removable by the assignor, being a citizen of another state.

**2. Removal of causes ⊕═37—Parties will be aligned according to their real relations.**

Where, in an action in a state court by the assignee of a contract, defendant set up a counterclaim against the assignor, a citizen of another state, the defendant is in fact plaintiff in respect to the counterclaim, and the assignor a defendant, and they will be so aligned for removal purposes.

**3. Removal of causes ⊕═46—Right of one defendant to removal cannot be defeated by a codefendant.**

The right of one defendant to a removal cannot be defeated by consent of a codefendant to the state jurisdiction.

At Law. Action by the Consolidated Textile Corporation against Abraham S. Iserson, with the Windsor Print Works impleaded. On motion by defendant Iserson to remand to State Court. Denied.

Rushmore, Bisbee & Stern, of New York City, for plaintiff.

Max D. Steuer, of New York City, for defendant Iserson.

Rushmore, Bisbee & Stern, of New York City, for defendant Windsor Print Works.

AUGUSTUS N. HAND, District Judge. This action was originally brought in the Supreme Court of the state of New York by the plaintiff, assignee of Windsor Print Works, to recover damages for breach of various contracts whereby the Windsor Print Works is alleged to have sold and delivered certain goods to the defendant Iserson.

Iserson filed an answer in which he did not deny the sale and delivery of the goods, but in substance denied that any sums were due and payable therefor, and set up by way of counterclaim that plaintiff's assignor, Windsor Print Works, agreed to sell to the defendant Iserson all the merchandise of a certain fabric and design which he should require while in the business in which he was then engaged, at the market prices prevailing at the times when such goods should be ordered, and agreed that the Windsor Print Works should confine the sale of said merchandise printed with said design to Iserson exclusively. The counterclaim further alleged that the Windsor Print Works repudiated this agreement and refused to continue to confine the sale of said merchandise printed with the said design to Iserson exclusively, whereby the latter was damaged in the sum of $750,000.

Section 271 of the New York Civil Practice Act provides:

"*New Parties Set up in Counterclaim.* Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross-action, would be defendants to such cross-action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. A person not a party to the action who is so served with an answer becomes a defendant in the action as if he had been served with the summons. Any such person named in an answer as a party to a counterclaim may reply thereto within the time within which a defendant might serve an answer to a complaint, or he may serve a notice of appearance on the party interposing the counterclaim."

By virtue of the foregoing section of the New York Civil Practice Act, the defendant Iserson served a copy of his answer upon the Wind-

sor Print Works, and it was thereupon required to appear in this action and make answer to the defendant Iserson's counterclaim. After such service, the Windsor Print Works, being thus impleaded, filed its petition and bond for the removal of the action into this court. The defendant Iserson now moves to remand.

[1, 2] It is to be noted that in the counterclaim interposed to the cause of action set up by the Consolidated Textile Corporation only the amount of $64,004.06 can be allowed by way of set-off, whereas the affirmative relief which is sought by the defendant Iserson against the Windsor Print Works is the sum of $750,000 and interest. The affidavit of Iserson filed in opposition to the removal alleges that:

" * * * The causes of action set forth in the pleadings arise out of an agreement between the Windsor Print Works and myself, in which the plaintiff hasn't the slightest interest. The plaintiff is purely a formal party, and appears in this case undoubtedly and unquestionably solely for the purposes of bringing suit. The Windsor Print Works, through its assignee, the plaintiff, chose the tribunal wherein this suit was commenced. If it so desired, it could have instituted this action originally in this court. Having failed to do so, it should not now be permitted, when brought in as a party, in order that a complete determination of the controversy between it and myself may be had, to remove this cause, which would delay the trial of this action for about two years, to my prejudice."

Rupprecht, chairman of the executive committee of the plaintiff, in his affidavit filed in opposition to the motion to remand, comments upon the statement of Iserson to the effect that "the plaintiff hasn't the slightest interest," and states that:

" * * * Every cent of money the Consolidated Textile Corporation may recover in this action will belong to it absolutely. All of such money, will be retained by the Consolidated Textile Corporation and used by it for its own purposes, and not one cent thereof will be paid over to the Windsor Print Works or any other party. In 1920 the Consolidated Textile Corporation acquired the mill of the Windsor Print Works at North Adams, Mass., the goods at said mill, whether manufactured, in process of manufacture, or not manufactured, and certain contracts of the Windsor Print Works and claims it had against others, including all its contracts with and claims against the above-named Abraham S. Iserson, those involved in the above-entitled action, and any other contracts with or claims against the said Iserson, and the Windsor Print Works duly transferred all of said property, contracts, and claims to the Consolidated Textile Corporation prior to the commencement of this suit, and the Windsor Print Works had ceased entirely to have any interest, legal, equitable, beneficial, or otherwise, in any of said property, contracts, or claims prior to the commencement of this suit. I know all the facts aforesaid of my own knowledge, because all the transactions aforesaid were conducted in behalf of the Consolidated Textile Corporation by myself and under my direct supervision. The Windsor Print Works did not, through its assignee, the plaintiff, or otherwise, choose the tribunal wherein this suit was commenced. That choice was made solely by the Consolidated Textile Corporation, which is the real party in interest with respect to, and owns and has owned at all times since prior to the commencement of this action absolutely in its own right, all of the causes of action set forth in the complaint. * * *"

The plaintiff is a Delaware corporation, the Windsor Print Works a Massachusetts corporation, and the defendant Abraham S. Iserson a citizen of the state of New York.

[3] The cause of action asserted by Iserson against the Windsor Print Works is a complete cause of action, upon which a judgment could be rendered without any consideration of the assignment of the Windsor Print Works to the plaintiff, and without the presence of the plaintiff at all. If there ever was a completely separable controversy, it would seem to exist in respect to this cross-action; but, if this should not be so, and the Consolidated Textile Corporation, by reason of the assignment, can be regarded as either a necessary or proper party, one defendant cannot, by consenting to the jurisdiction, prevent another defendant from removing the case. The plaintiff and the Windsor Print Works, if they are both necessary or proper parties to a cause of action arising in favor of the defendant Iserson by reason of the breach by the Windsor Print Works of a single contract, are each within the meaning of the Removal Act to be regarded as defendants, because as to each the defendant Iserson is seeking relief, and against each is claiming some sort of a right of action. Mason City R. Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629. There is diversity of citizenship, and for the purposes of removal the parties will be aligned according to their real, rather than their formal, relations. Removal Cases, 100 U. S. 457, 25 L. Ed. 593.

In respect to the claim that the Windsor Print Works waived its right to remove by bringing a suit through its assignee in the state court, the affidavit filed by Rupprecht sets forth the details, whereas the affidavit of Iserson makes a mere general assertion. No sufficient reason appears in the record for regarding the assignment as made merely for the purpose of bringing suit.

For the foregoing reasons, the motion is denied.