## GILLETTE SAFETY RAZOR CO. v. CHAFFEE–SHIPPERS' SERVICE, Inc.

## CHAFFEE–SHIPPERS' SERVICE, Inc., v. NEW YORK, N. H. & H. R. CO.

District Court, S. D. New York.
March 13, 1935.

Bigham, Englar, Jones & Houston, of New York City, for plaintiff.

Clark, Carr & Ellis, of New York City, for defendant Chaffee-Shippers' Service, Inc.

Madison G. Gonterman, of New York City (Gilbert N. Reed, of New York City, of counsel), for defendant New York, N. H. & H. R. Co.

PATTERSON, District Judge.

The motion is by the plaintiff to sever the causes of action in the case and to remand to the state court the cause of action by the plaintiff against Chaffee-Shippers' Service, Inc.

The plaintiff, a Delaware corporation, brought suit in the state court against Chaffee-Shippers' Service, Inc., also a Delaware corporation. The cause of action was for loss of goods of a value of $6,000, delivered to the defendant for shipment from Boston to New York. By supplemental summons issued pursuant to order of the state court, Chaffee-Shippers' Service, Inc., brought the railroad company, a Connecticut corporation, into the suit. It alleged that if it were held liable to the plaintiff for the loss, the railroad company ought to be held liable over to it. The impleading of the railroad company was effected under section 193, subd. 2 of the New York Civil Practice Act, the substance of which is that a defendant, on a showing that a third person not then a party to the action will be liable over to the defendant for the claim made against him, may procure an order that the third person be brought in by supplemental summons and pleading. The railroad company removed the suit to this court for diversity of citizenship, claiming that a separable controversy existed between Chaffee-Shippers' Service, Inc., and itself.

█ 1. That the controversies were truly separable cannot be doubted. The plaintiff sued Chaffee-Shippers' Service, Inc., on a transaction between these two alone. It has never asserted any claim against the railroad company. The railroad company was brought in by the original defendant, because of an alleged transaction between these two parties and on a claim of liability over in case the original defendant be cast

in damages to the plaintiff. None of the parties disputes the separability of these controversies; it is difficult to see how any plausible argument to the contrary could be made. See Consolidated Textile Corporation v. Iserson, 294 F. 289 (D. C. N. Y.), decided by Judge A. N. Hand, and Habermel v. Mong, 31 F.(2d) 822, 67 A. L. R. 216 (C. C. A. 6), with opinion written by Judge Mack and certiorari denied in 280 U. S. 587, 50 S. Ct. 37, 74 L. Ed. 636.

2. There having been a removal for separable controversy between citizens of different states, the entire suit was removed, and no part of it may be remanded. The present Removal Act (Judicial Code, § 28, 28 USCA § 71) provides that in the event of such separable controversy, a defendant may remove "said suit." It has been consistently held that the whole case comes over to the District Court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Brooks v. Clark, 119 U. S. 502, 7 S. Ct. 301, 30 L. Ed. 482; Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; City of Gainesville v. Brown-Crummer Investment Co., 277 U. S. 54, 48 S. Ct. 454, 72 L. Ed. 781.

The motion for severance and remand will accordingly be denied.