## SUMMERS & OPPENHEIM, Inc., v. TILL-INGHAST STILES CO.

District Court, S. D. New York.

March 2, 1937.

Feldman & Barrett, of New York City (Maxwell Barrett, of New York City, of counsel), for plaintiff.

J. George Jaffe, of New York City, for defendant.

PATTERSON, District Judge.

The plaintiff moves to remand the case to the state court. The plaintiff, a New York corporation, commenced suit in the New York Supreme Court against Tillinghast Stiles Company, a Rhode Island corporation, to recover a sum in excess of $3,-000. Tillinghast Stiles Company did not seek removal to this court, but answered in the state court on the merits. Shortly afterward Tillinghast Stiles Company vouched in O-Cedar Corporation, an Illinois corporation, as a party defendant on a claim of liability over, under section 193 of the New York Civil Practice Act, and caused service of process to be made on O-Cedar Corporation. O-Cedar Corporation promptly filed a petition to remove the case to this court on the ground that a separable controversy was presented between Tillinghast Stiles Company and itself, citizens of different states. As soon as removal was accomplished, O-Cedar Corporation made a motion in this court to quash service of process, the claim being that it was not doing business here, and the motion was granted. Thus the party vouched in is no longer in the case. Only the plaintiff and the original defendant remain. In urging remand to the state court, the plaintiff points out that the original defendant waived its right to remove and that the party that caused the removal is not now in the action. The argument is that on the escape of the removing party the case springs back to where both original parties were content to have it before the removing party was brought in. The original defendant opposes remand.

As to the case being properly removed to this court, there can be no doubt. The case presented separable controversies, one between the plaintiff and the original defendant, one between the original defendant and the party vouched in. The latter controversy being between citizens of different states, the party vouched in had the right to remove the entire suit to the federal court. Healy v. Prevost, Fed.Cas. No. 6,297 (C.C.Pa.); Greene v. Klinger, 10 F. 689 (C.C.Tex.); Consolidated Textile Corporation v. Iserson, 294 F. 289 (D.C.N.Y.); Habermel v. Mong, 31 F.(2d) 822, 67 A.L. R. 216 (C.C.A.6), certiorari denied 280 U. S. 587, 50 S.Ct. 37, 74 L.Ed. 636; Gillette Safety Razor Co. v. Chaffee-Shippers' Serv-

ice Co., 10 F.Supp. 898 (D.C.N.Y.). It is manifest, therefore, that at the time of removal this court acquired jurisdiction over the entire suit for all purposes.

Does the fact that service of process on the removing defendant was later quashed result in a loss of jurisdiction? It has been stated as a "general rule" that the jurisdiction of the federal court, once properly attaching on removal, will not be ousted by subsequent change in the conditions. Kirby v. American Soda Fountain Co., 194 U.S. 141, 145, 146, 24 S.Ct. 619, 48 L.Ed. 911. But it has been decided that where one of several defendants removes a case on the ground of separable controversy and the case is later discontinued or settled as to such defendant, thus leaving only a controversy between citizens of the same state, the case should be remanded to the state court. Texas Transportation Co. v. Seeligson, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150. See, also, Torrence v. Shedd, 144 U.S. 527, 533, 12 S.Ct. 726, 36 L.Ed. 528. The Seeligson Case was decided under section 37 of the Judicial Code (28 U.S.C.A. § 80), to the effect, so far as concerns removed suits, that if in any suit removed to the District Court it shall appear, at any time after the suit has been removed, that "such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court," the District Court shall remand the suit to the state court. The statute was construed to apply to a case as it might be changed after removal. Judge Cochran in Jellison v. Krell Piano Co., 246 F. 509 (D.C.Ky.), pointed out the underlying conflict between the Kirby Case on the one hand and the Seeligson and Torrence Cases on the other. However real the conflict, I take it that the Seeligson Case must be followed and remand ordered in cases that present the same or similar facts—a case properly removed for separable controversy, a later discontinuance or dismissal as to the removing defendant, and a case then remaining which, standing by itself, could not have been removed because not within the jurisdiction of the District Court.

But the present case is unlike the Seeligson Case, in that the controversy remaining after quashing of process on the removing defendant happens to be one between citizens of different states, a controversy properly within the jurisdiction of the District Court. Tillinghast Stiles Company, the original defendant, could have removed the case to this court at the outset, had it seen fit, since the plaintiff is a citizen of New York and the defendant a citizen of Rhode Island in a controversy involving more than $3,000. So the case does not come under section 37 of the Judicial Code (28 U.S.C.A. § 80) or under rule laid down in the Seeligson Case and the Torrence Case. There was no loss of jurisdiction on the disappearance of the separable controversy from the case and no reason for remand exists. This conclusion is in line with the views of Judge Shiras in Bacon v. Felt, 38 F. 870, 872, 873 (C.C.Iowa).

The motion to send the case back to the state court will be denied.