**RAPPA v. PITTSTON STEVEDORING CORPORATION (MOORE–McCORMACK LINES, Inc., Third-Party Defendant).**
Civil No. 3021.

District Court, E. D. New York.

Feb. 9, 1943.

John J. Welsh, of Brooklyn, N. Y., for plaintiff.

Alexander & Ash, of New York City, for defendant and third-party plaintiff.

John P. Smith, of New York City (Albert P. Thill, of New York City, of counsel), for third-party defendant.

BYERS, District Judge.

Motion by third-party defendant to vacate and set aside the third-party summons and complaint, served pursuant to Rule 14 of the Federal Rules, 28 U.S.C.A. following section 723c.

The plaintiff Rappa was a hatch foreman employed by the Moore-McCormack Lines, Inc., and brings this action to recover for personal injuries said to have been suffered by him on August 1, 1942, while he was on a pier held under sublease by the defend-

ant Pittston Stevedoring Corporation, which had in turn put Moore-McCormack Lines, Inc., in sole possession of the pier and its equipment under an agreement of July 30, 1942, which reads as follows:

"July 30th, 1942

"Moore-McCormack Lines, Inc.
5 Broadway
New York City

"Gentlemen:    Attention: Mr. B. Fury

"We wish to confirm renting you a berth for the S/S 'Del Santos' at Pier 1, Erie Basin, Brooklyn, New York. Steamer to dock tonight.

"Wharfage to be $225.00 per day.
"Gateman to be for your account.
"Lights, when used, to be charged at $1.00 per light, per night.
"Water to be 25¢ per ton.
"Telephone to be charged as used.

"It is understood that Steamer will dock on the North Side.

"We will also give you the use of the 27,000 square feet of farm space.

"It is understood that the Pittston Stevedoring Corporation is to be indemnified and held harmless from all claims and/or damages arising from operations and/or services performed under this letter of agreement, for which they are not legally liable.

"Very truly yours,
"Pittston Stevedoring Corp.
"By
"Gus G. Chiarello
"GGC:GBM            President"

The complaint alleges negligence on the part of Pittston in permitting a dangerous and defective condition to exist on the pier; namely, a defective rope connected with the door leading to the string-piece which fell and caused a chain connected therewith to strike the plaintiff.

The action seems to be within the purview of Section 29 of the Workmen's Compensation Law of the State of New York, Consol.Laws N.Y., since the plaintiff has applied for and received compensation from his employer, who happens to be the third-party defendant.

Pittston has served a third-party complaint alleging that on the date in question Moore-McCormack Lines, Inc., was in sole possession of the pier and equipment, under the agreement above referred to, and that none of the Pittston employees was working on the pier; that, if the plaintiff was injured as he says he was, the fault and negligence were those of Moore-McCormack Lines, Inc., which was under agreement to indemnify Pittston against all such claims.

The motion is urged for Moore-McCormack apparently on the theory that, since the plaintiff alleges that Pittston is at fault, the latter is barred from asserting that actually the negligence, if there was any, was that of the occupant of the pier—Moore-McCormack.

Further, that if the plaintiff should prevail against Pittston, and the latter were in turn to recover over against Moore-McCormack by showing that the latter was at fault, violation of Section 11 of the Workmen's Compensation Law of the State of New York would be perpetrated. That section provides that the employee's remedy in compensation against his employer is exclusive of all other remedies. Therefore Moore-McCormack argues that the outcome of the litigation may result in enabling the plaintiff to have his compensation from his employer, and also his common law remedy for negligence through his recovery against Pittston, which would ultimately be visited against Moore-McCormack.

If that argument were to prevail, it would of course follow that Pittston must be precluded from litigating its own alleged cause against Moore-McCormack, although Rappa may recover damages from Pittston.

There is nothing in Section 29 of the Workmen's Compensation Law (dealing with an employee's action against a third person) which circumscribes the latter, in the event of a recovery against it, from taking advantage of whatever legal rights may then arise in its favor against the employer; it is to that section of the statute that the court must look for such asserted impediment, and none has been discovered.

It seems incongruous to argue that the issue of where the fault truly lies may not be litigated merely because Rappa has sought both compensation and a third-party remedy. Burris v. American Chicle Co., 2 Cir., 120 F.2d 218, and Westchester Lighting Co. v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E. 2d 567, are to the contrary effect.

Motion denied. Settle order.