**SANCHEZ et al.**

v.

**HILL LINES, Inc. (Pittsburgh Plate Glass Co., third party defendant).**

Civ. No. 2480.

United States District Court
D. New Mexico.

June 23, 1954.

Iden & Johnson, Albuquerque, N. M., Joseph L. Smith, Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, N. M., for plaintiff.

Merritt W. Oldaker, and Roy F. Miller, Jr., Albuquerque, N. M., for defendant.

Keleher & McLeod, Albuquerque, N. M., for third party defendant.

HATCH, Chief Judge.

Jesus Sanchez, one of the plaintiffs, was employed by the Pittsburgh Plate Glass Company, and was injured in the course of his employment while helping to unload a truck owned by Hill Lines, Inc. At the time of the accident, the plaintiff employee and his employer, the Pittsburgh Plate Glass Company, had accepted the provisions of the New Mexico Workmen's Compensation Act, 1941 Comp. § 57–901 et seq., and the employer carried workmen's compensation insurance with the Hartford Accident and Indemnity Company. The injured employee Sanchez, joined by the Hartford Accident and Indemnity Company, filed

suit against Hill Lines, Inc., and Hill Lines, Inc. then brought Pittsburgh Plate Glass Company into the case as third-party defendant. The third-party defendant filed an answer and now moves for summary judgment.

The third-party plaintiff bases its complaint on two grounds: (1) Its right to indemnity from the Pittsburgh Plate Glass Company for any liability suffered by reason of improperly unloading the shipment of glass, and (2) The right of contribution between joint tortfeasors.

Indemnity implies a contractual obligation, and the court can find no such obligation from the facts before it. Neither the case of Brown v. American-Hawaiian S.S. Co., 3 Cir., 211 F.2d 16, from which third party plaintiff quotes extensively, nor the other cases cited, appear to strengthen third party plaintiff's contention in this regard.

The question of contribution between joint tortfeasors is more substantial, and is dependent on whether the New Mexico Workmen's Compensation Act is to be construed as completely circumscribing the liability of an employer who accepts the Act so that a stranger to the employer-employee relationship who is being sued by an employee for injuries sustained in the course of his employment, may not bring in the employer as a third party defendant.

The New Mexico Supreme Court has made no ruling on this question, and the decisions in other jurisdictions are divided.

Section 57–905 of the 1941 New Mexico Statutes Annotated reads:

"* * * Any employer who has elected to and has complied with the provisions of this act, including the provisions relating to insurance, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act provided; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this act provided."

Section 57–906, 1941 New Mexico Statutes Annotated, reads:

"The right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases * * *."

Counsel for Hill Lines, Inc. ably urge that the wording in these sections which appears to bar action by any person against the employer, refers only to actions between the employer and employee, and that a stranger to the employer-employee relationship who is liable to the employee for injuries received by the employee in the course of his employment, may have a right of contribution against the employer when the employer was also at fault.

There are cases wherein the right of contribution against the employer was upheld, under the circumstances last described. The S. S. Samovar, D.C., 72 F.Supp. 574, Rappa v. Pittston Stevedoring Corporation, D.C., 48 F.Supp. 911, 912, and others. However, these cases are governed by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., or by workmen's compensation laws which are by their terms by no means as all-inclusive as the New Mexico Act. Thus in Rappa v. Pittston Stevedoring Corporation, supra, the opinion quotes the New York Workmen's Compensation Law, McK. Consol. Laws, c. 67, § 11 as providing that " '* * * the employee's remedy in compensation against his employer is exclusive of all other remedies.' " This phraseology is much less restrictive than the corresponding portion of the New Mexico statutes,

which refers to any person rather than only the employee.

The Colorado Workmen's Compensation Act contains a section which is almost identical with Section 57–905 of the New Mexico statutes. In a recent case in which the issues were similar to the instant controversy, Ward v. Denver and R.G.W.R. Co. (Coleman Motors Corp., third party defendant), D.C., 119 F.Supp. 112, 114, Judge Knous, of the U. S. District Court for the District of Colorado, construed that portion of the Colorado statute, and particularly the phrase " 'and accruing to any and all persons whomsoever,' " '35 C.S.A. c. 97, § 292, to relieve the employer from all liability save that imposed by the Act itself. Judge Knous quoted with approval from an opinion of the North Carolina Supreme Court, Lovett v. Lloyd, 236 N.C. 663, 73 S.E.2d 886:

> " '* * * one party cannot invoke * * * the statutory right of contribution * * * against another party in a tort action unless both parties are liable to the plaintiff in such action as joint tortfeasors.' "

The New Mexico Supreme Court has held that the provisions of the New Mexico Workmen's Compensation Act are exclusive as to procedure. Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044; Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307; State ex rel. Cardenas v. Swope, N.M., 270 P.2d 708. This court held recently, in an unpublished memorandum opinion involving the right of an employer to remove a workmen's compensation case to federal court, Sanchez v. Pittsburgh Plate Glass Co., Civil Case 2353, that proceedings under the Workmen's Compensation Act of New Mexico are exclusive, completely preempting any other action than is set out in the Act, and the case was remanded to the state court.

The argument that the Workmen's Compensation Act did not change existing law relating to joint tortfeasors has little persuasion on this court in view of the language used by the United States Supreme Court in Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 575, 76 L.Ed. 1026:

> "* * * the purpose of * * * workmen's compensation laws * * * is to provide * * * not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate."

Certainly the employer's liability is neither limited nor determinate if the employer may be sued as a joint tort-feasor by a stranger to the employer-employee relationship in an action such as we have here.

For these reasons, the third-party defendant's motion for summary judgment is granted.