**Little K. MARSHALL, Plaintiff,**

v.

**NAVCO, Inc., Defendant and Third-Party Plaintiff**

**(Mississippi Valley Barge Line Company, Defendant).**

**Civ. A. No. 10470.**

United States District Court
S. D. Texas, Houston Division.
April 1, 1957.

Rehearing Denied May 23, 1957.

Mandell & Wright, F. S. Grossberg, Houston, Tex., for plaintiff.

Eastham & Dale, Clarence S. Eastham, Houston, Tex., for defendant and third-party plaintiff, Navco, Inc.

Baker, Botts, Andrews & Shepard, Frank G. Harmon, Houston, Tex., for defendant Mississippi Valley Barge Line Co.

KENNERLY, District Judge.

Plaintiff, Little K. Marshall, a seaman, filed this suit against his employer, defendant Navco, Inc., in a State Court under the Jones Act (Section 688, Title 46 U.S.C.A.). He sues for damages and maintenance because of injuries he claims to have received while working as a seaman for Navco, Inc. Navco, Inc. answered and in a third party proceeding in the case in the State Court sued the Mississippi Valley Barge Line Company (for brevity called "Barge Line Company"). Purporting to move under Section 1441, Title 28 U.S.C.A.[1] Barge Line Company has removed the case into this Court and plaintiff has moved to remand it to the State Court. This is a hearing under Local District Court Rule 25 of such motion to remand.

After such removal to this Court, Barge Line Company, invoking here the doctrine of *forum non conveniens*, has

1. Section 1441, Title 28 U.S.C.A., is as follows:

"Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable, if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

**52**

moved under Section 1404, Title 28 U.S.C.A., to transfer this case to a United States District Court nearer the place where plaintiff's alleged injuries occurred. Navco, Inc. has joined in such motion to transfer.

Both plaintiff's suit against Navco, Inc. and Navco, Inc.'s suit against Barge Line Company are suits *in personam.* From a review of the entire record in the case, including such motion to transfer, it appears to be doubtful whether either the State Court or this Court has acquired full jurisdiction over Barge Line Company, and whether any United States District Court to which this case might be transferred by this Court would acquire full jurisdiction over Barge Line Company. This, because Barge Line Company claims to be a citizen of the State of Delaware, and that it has never done business in Texas, etc. In view of this, and in view of the disposition here made of plaintiff's motion to remand, it does not seem either necessary or proper to now dispose of such motion to transfer.

Proceeding now to dispose of plaintiff's motion to remand.

(a) An examination of plaintiff's amended petition filed in the State Court discloses the following:

This suit brought, as stated, under the Jones Act was originally filed in the District Court of Harris County, Texas, 127th Judicial District. In his amended petition there filed, plaintiff alleges that on or about the 22nd day of December 1955, he sustained injuries while in the employ of defendant Navco, Inc. as a seaman and a member of the crew of the tug Marilyn, operated by Navco, Inc. That at the time of such injuries such tug had in tow, or was taking in tow, a barge. He claims that the injuries were caused by the negligence of Navco, Inc., its agents, servants and employees, and by the unseaworthiness of both such tug and barge. He sues for $102,850.

Plaintiff does not allege that there is diversity of citizenship between himself and Navco, Inc. He does not name his place of residence, nor say of what state, if any, he is a citizen. While he states that Navco, Inc. is a corporation doing business in Texas, etc., he does not allege that it is a citizen of Texas.

(b) An examination of the answer and third party petition of Navco, Inc. filed in the State Court discloses the following:

Defendant Navco, Inc., by its petition in the State Court, sought to bring into the State Court as a third party defendant, Barge Line Company, and seeks to recover from Barge Line Company, not a definite sum of money, but any sums of money which plaintiff may recover from Navco, Inc. In such petition it is not alleged that there is diversity of citizenship between it and plaintiff, or between it and Barge Line Company, or between Barge Line Company and plaintiff. It is alleged that each, Navco, Inc. and Barge Line Company, is duly incorporated and existing "under the laws of one of the States of the United States". It alleges that Barge Line Company had an agent in Houston upon whom process could be served.

1. I take it that it may be regarded as settled that the wording of plaintiff's amended petition in the State Court must be looked to in determining the removability into this Court of this case. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 349, 83 L.Ed. 334.

2. Looking now to such amended petition, it appears that this suit, under the Jones Act (Section 688, Title 46 U.S.C.A.) was brought, and properly brought, in the State Court. It is not removable into a United States District Court under Section 1441, Title 28 U.S.C.A. It was not properly removed into this Court. For these reasons, among others, it should now be remanded to the State Court.

The case of Pate v. Standard Dredging Corporation, 5 Cir., 193 F.2d 498, is

so clearly in point that I refer to it specially. Other cases are Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. Co. v. Vasquez, 1926, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085; Great Northern Ry. Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656; State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Chappell v. Waterworth, 155 U.S. 102, 15 S.Ct. 34, 39 L.Ed. 85; Texas & Pacific Ry. Co. v. Cody, 166 U.S. 606, 17 S.Ct. 703, 41 L.Ed. 1132; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218.

But Barge Line Company contends that this case became removable when Navco, Inc. filed its third party petition in the State Court in which it made Barge Line Company a third party defendant. It cites a line of cases[2] in which by action of the plaintiff himself therein, another cause of action was joined with the cause of action under the Jones Act, etc. Such cases are not applicable here.

In further support of such contention Barge Line Company filed supplemental brief citing additional cases.[3] These cases apparently make it clear that the third party procedure in this case in the State Court was properly invoked, but it does not follow that this case thereby became removable into this Court.

3. But, independently of, and putting aside, the Jones Act, this case is not removable into this Court.

As has been pointed out, there is in plaintiff's amended petition no allegation of diversity of citizenship between plaintiff and Navco, Inc., and no allegation as to the citizenship of either plaintiff or Navco, Inc.[4]

Even if what is said in plaintiff's amended petition be regarded as an al-

2. Consolidated Textile Corp. v. Iserson, D.C., 294 F. 289; Ellis v. Peak, D.C., 22 F.Supp. 908; Flas v. Illinois Central R.R. Co., D.C., 229 F. 319; Gillette Safety Razor Co. v. Chaffee-Shippers Service, Inc., D.C., 10 F.Supp. 898; Givens v. Wight, D.C.N.D.Tex., 247 F. 233; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Habermel v. Mang, 6 Cir., 31 F.2d 822, 67 A.L.R. 216; Hill v. Upper Mississippi Towing Corp., D.C., 141 F.Supp. 692; Hourcle v. Air France, 52 A.M.C. 1737, 1738; Jacobson v. Chicago, M., St. P. & P. R. Co., 8 Cir., 66 F.2d 688, 693; President and Directors of Manhattan Co. v. Monogram Associates, Inc., D.C., 81 F.Supp. 739; Strother v. Union Pacific R.R., D.C., 220 F. 731.

3. Bacon v. Felt, C.C.Iowa, 38 F. 870; Corrao v. Waterman Steamship Corp., D.C. E.D.N.Y.1948, 75 F.Supp. 482; Glens Falls Indemnity Co. v. Atlantic Building Corporation, 4 Cir., 1952, 199 F.2d 60; Greenleaf v. Huntingdon & B. T. M. R. & Coal Co., D.C., 3 F.R.D. 24; Jeub v. B/G Foods, Inc., D.C.Minn., 2 F.R.D. 238; Kratke v. Denver & R. G. W. R. Co., D.C., 15 F.R.D. 4; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; The Lizzy M. Walker, 4 Cir., 3 F.2d 921; Lundberg v. Prudential Steamship Corporation (Triangle Ship Maintenance), Inc.,

D.C., 102 F.Supp. 115; O'Neill v. American Export Lines, D.C.S.D.N.Y.1946, 5 F.R.D. 182; Rappa v. Pittston Stevedoring Co., D.C., 48 F.Supp. 911; Summers & Oppenheim, Inc. v. Tillinghost Stiles Co., D.C.N.Y., 19 F.Supp. 230; Tevington v. International Milling Co., D.C., 71 F.Supp. 621; Thomas v. Malco Refineries, Inc., 10 Cir., 214 F.2d 881; Thompson v. American Export Lines, Inc., D.C.S.D.N.Y.1953, 15 F.R.D. 125; Trauffler v. Detroit & Cleveland Navigation Co., D.C., 181 F. 256; Tri-Cities Shell & Bldg. Material Supply Co., Inc., v. Welch, D.C., 93 F.Supp. 944; Wheeler v. Glazier, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301.

4. His allegations also with reference to that matter are as follows:
"Defendant is a corporation, organized and existing under and by virtue of law, doing business in the State of Texas, and being engaged in interstate commerce. Defendant is the owner and/or operator of a fleet of vessels having regular routes from parts of the United States to ports in the State of Texas, and particularly Harris County, Texas, one of such vessels being the Tug Marilyn M. At times material hereto, Defendant was the operator of the Tug Marilyn M, operating her under a form of charter, along with other tugs."

legation that Navco, Inc. is a citizen of Texas, since the citizenship of plaintiff is not alleged, there is still no allegation of diversity of citizenship.

And if the citizenship of plaintiff had been alleged, this case would still not be removable because of Navco, Inc. being alleged to be of the same State where the action was brought.[5]

And if the wording of Navco, Inc.'s third party petition against Barge Line Company be looked to as well as plaintiff's amended petition, there is still to be found no allegation of diversity of citizenship between any of the three parties.[6]

But if diversity of citizenship be alleged, the case is still not removable and was not properly removed into this Court unless it be removable under Section 1441(c), Title 28 U.S.C.A. Barge Line Company contends that it is removable thereunder. I think it is not.

While Section 1441(c) has been variously construed by the courts, I think the construction given it by the Supreme Court in American Fire & Casualty Company v. Finn, supra, is controlling here and settles it that Navco, Inc.'s claim on cause of action against Barge Line Company is not a separate and independent claim or cause of action to plaintiff's claim or cause of action against Navco, Inc. Plaintiff in his amended petition against Navco, Inc.[7] alleges a single wrong, i. e., injuries to his person, for which he seeks to recover from Navco, Inc. In its third party petition against Barge Line Company, Navco, Inc. seeks to recover any sums of money which plaintiff may recover against Navco, Inc.[8] Under the rule stated in the Finn case I do not think the case is removable under Section 1441(c).

From what has been said it follows that plaintiff's motion to remand should

---

5. Section 1441(a), 1441(b), Title 28, U.S.C.A., when construed together prohibit such removal. See also Monroe v. United Carbon Company, 5 Cir., 196 F.2d 455; Levin v. Irvin Jacobs & Company, 6 Cir., 180 F.2d 356; Irvin Jacobs & Co. v. Levin, D.C., 86 F.Supp. 850; Arcady Farm Milling Co. v. Northcutt, D.C., 87 F.Supp. 373; American Fire & Casualty Co. v. Finn, supra.

6. I quote from such third party petition:
   "II.
   "Defendant Navco, Inc. is duly incorporated and existing under the laws of one of the States of the United States.
   "III.
   "Defendant Mississippi Valley Barge Line Company is a corporation duly organized and existing under the laws of one of the States of the United States. And was at the times material hereto owner and operator of the barge complained of in Plaintiff's petition, and service of process may be had upon it at its office in the City National Bank Building, Houston, Texas, by serving F. E. Thompson as agent."

7. I quote from plaintiff's amended petition:
   "On or about December 22, 1955, while the Plaintiff was so employed as a member of the crew of the said vessel, he was helping to secure a barge in the vessel's tow when, through the negligence of De-

fendant, its agents, servants and employees, and/or because of the unseaworthiness of the barge involved, and/or because of the unseaworthiness of said tug, Plaintiff was injured; and Plaintiff says that the negligence of the Defendant, its master, agents, servants, and employees, and/or the unseaworthiness of the said barge, and/or the unseaworthiness of the said vessel, were the proximate cause of the injuries of which he herein complains."

8. I quote from Navco, Inc.'s pleading:
   "This Defendant and Third Party Plaintiff alleges that if it is held liable to any extent herein because of the matter complained of in Plaintiff's Petition filed herein for maintenance and cure complained of by Plaintiff herein, that if said conditions complained of by Plaintiff and if unseaworthiness and negligence did exist that the same was caused and brought about by Plaintiff and/or caused by the Third Party Defendant Mississippi Valley Barge Line Company, their servants, agents and employees acting in the course and scope of their employment, and this Third Party Plaintiff is entitled to recover over and against Third Party Defendant all sums of money recovered against it by Plaintiff herein and have full indemnity from Third Party Defendant herein with costs, disbursements and reasonable attorneys fees."

be granted. Let appropriate order be drawn and presented.

On Motion for Rehearing

Barge Line Company's motion for rehearing is denied for all the reasons set forth in opinion filed April 1, 1957, and further because under Section 1441, Title 28 U.S.C.A., when 1441(a) and 1441(b) are considered together this case is not removable at all, if the citizenship of the parties is as alleged in Barge Line Company's petition for removal. See cases cited in Note 5 of such opinion.

Clerk will notify counsel to prepare and present proper order, quoting this memorandum.