**ALLEN et al. v. SOUTHERN RY. CO. et al.**

**Civil Action No. 970.**

United States District Court
W. D. North Carolina.

Argued July 28, 1953.

Decided Aug. 15, 1953.

Whiteford S. Blakeney and Pierce & Blakeney, Charlotte, N. C., and W. S. Macgill, Washington, D. C., for plaintiffs.

John M. Robinson, Charlotte, N. C., W. T. Joyner, Raleigh, N. C., for defendant Southern Ry. Co.

J. B. Craighill, Charlotte, N. C. (Tillett, Campbell, Craighill & Rendleman, Charlotte, N. C.), Lester P. Schoene and Milton Kramer, Washington, D. C. (Schoene & Kramer, Washington, D. C.), Clarence M. Mulholland, Toledo, Ohio, and Edward J. Hickey, Jr., Washington, D. C. (Mulholland, Robie & Hickey, Toledo, Ohio) for Union defendants.

Before PARKER and DOBIE, Circuit Judges, and WARLICK, District Judge.

PARKER, Circuit Judge.

This is a suit instituted in the Superior Court of Mecklenburg County, North Carolina, by non-union employees of the Southern Railway Company to enjoin the enforcement against them of a union-shop contract made between that company and a number of labor unions, which required that employees join the union and pay dues or be dismissed from their positions. The railway company and these unions have been made defendants. The plaintiffs make no mention of any federal statute or of any rights arising out of the Constitution or laws of the United States but ask relief under the law of North Carolina. The defendant Southern Railway Company filed in the state court an answer in which it admits the execution of the union-shop contract and pleads the 1951 amendment to the Railway Labor Act, 64 Stat. 1238, 45 U.S.C.A. § 152(11), as justification for making same, averring that it entered into the contract unwillingly and because of a threat of strike by the unions. It asked the court to declare its rights under the contract and under the laws of the State of North Carolina and of the United States. The unions have not yet answered but, on the ground that the case was one arising under the Constitution and laws of the United States, have filed a petition for removal and the case has been removed into this court. A petition for remand has been duly filed and the unions have made a motion for the convening of a court of three judges on the ground that the case brings in question the constitutionality of the 1951 amendment to the Railway Labor Act. Upon certificate of the District Judge, a court of three judges has been constituted, and the case has been heard upon the motion to remand as well as upon a motion made by the defendant unions to dismiss on the ground that the complaint does not state a cause of action.

We think that the case was improperly removed into this court as one arising under the Constitution and laws of the United States and that the motion to remand must be granted on the ground that the complaint does not set forth a cause of action so arising. The amendment to the Railway Labor Act of which we take judicial notice must unquestionably be considered in passing upon the case; but the complaint states no cause of action arising under that statute, the effect of which is to destroy any cause of action which plaintiff might otherwise have had under state law. In a very similar case where plaintiffs were asking injunctive relief under state

law which conflicted with federal laws regulating interstate commerce and the argument was made that the case was removable because it was necessary that federal laws be considered in its decision, the Supreme Court held that the case should have been remanded on the ground that plaintiffs' cause of action did not arise under the federal laws. State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 190, 22 S.Ct. 47, 49, 46 L.Ed. 144. The court said:

"But even assuming that the bill showed upon its face that the relief sought would be inconsistent with the power to regulate commerce or with regulations established by Congress, or with the 14th Amendment, as contended, it would only demonstrate that the bill could not be maintained at all, and not that the cause of action arose under the Constitution or laws of the United States."

In Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, which was a suit for specific performance of an agreement to give free passes on a railroad in consequence of a settlement of a damage claim, it was held that the federal court did not have jurisdiction by reason of the fact that a federal statute rendered the agreement invalid. The court said, 211 U. S. at page 152, 29 S.Ct. at page 43:

"It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution."

In Williams v. First National Bank, 216 U.S. 582, at page 594, 30 S.Ct. 441, at page 445, 54 L.Ed. 625 which was a suit on a note claimed to be void because of the provisions of federal statutes, the court said:

"The contention that the cause of action arose under the Constitution or laws of the United States is plainly untenable. Recovery by the bank was in no wise predicated upon any right conferred upon it or its assignor to contract, as was done, and the fact that the makers of the note relied for their defense upon provisions contained in certain statutes as establishing that the transaction upon which the right to recover was based was prohibited by law 'would only demonstrate that the suit could not be maintained at all, and not that the cause of action arose under the Constitution or laws of the United States.' Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 190, 22 S.Ct. 47, 46 L.Ed. 144."

The rule is thus stated by Mr. Justice Cardozo in Gully v. First Nat. Bank, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70:

"To bring a case within the statute, *a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.* * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * *, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. * * * Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." (Italics supplied.)

See also the recent decision of Judge Dooley in Sandsberry v. Gulf, etc., R. Co., D.C., 114 F.Supp. 834.

■ We have considered whether the case might not be held removable because of the prayer for declaratory judgment contained in the Railway Company's answer, but think that this question must be answered in the negative. We need not go into the question as to whether a case which is not removable on the face of the complaint can be made removable by allegations in an answer introducing a cross claim or third party claim;* for here no new claim was introduced by the answer of the Railway Company as a basis for the prayer for a declaratory judgment. That prayer asked nothing in addition to the relief that the court was bound to award under the defense set up by the answer. As was well said by Judge Learned Hand in Meeker v. Baxter, 2 Cir., 83 F.2d 183, 187:

"To the prayers for relief one is added for a declaratory judgment, apparently for good measure. The defendants misapprehend the purpose of that relief; it is only a kind of expanded bill quia timet, meant to do in general what that suit did in its limited field. When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment and decree."

See also Oblak v. Armour & Co., D.C., 1 F.R.D. 648; Hann v. Venetian Blind Corp., D.C., 15 F.Supp. 372, 377, and cf. Leach v. Ross Heaters & Mfg. Co., D.C., 25 F.Supp. 822, 824, reversed 2 Cir., 104 F.2d 88.

■■ Much can be said in support of the proposition that a case involving an injunction which in effect nullifies an act of Congress should be removable into the federal courts; but this is a question for the decision of Congress which determines the jurisdiction of the lower federal courts, and not one which the courts themselves may decide. So long as plaintiff's cause of action does not arise under the laws of the United States, the case is not removable, even though when these laws are considered plaintiff has no cause of action and is not entitled to an injunction. The defendant in such case must rely for protection of his rights upon action by the state courts, which are just as much bound as are the federal courts to give effect to the laws of the United States, and in a case involving those laws are subject to review by the Supreme Court of the United States.

■ Question has been raised as to whether the court of three judges has power to remand the cause. We think that it has. It is the duty of any federal court when a defect of jurisdiction appears to dismiss or remand the case as may be appropriate in the premises. The District Judge might have passed upon the motion in advance of asking the constitution of a court of three judges. It was thought, however, that as the questions involved in the motion to dismiss were intimately connected with the motion to remand, time would be saved by having a court hear argument on both questions at the same time. Having reached the conclusion that the case was improperly removed, the court will enter an order remanding it. This will be action by the District Court and will be no less efficient for purposes of remand because it is signed by the three judges who sat in the hearing of the motion than if signed by the District Judge alone. If, as is argued, the District Judge alone has power to remand the case, the signature of the other judges on the order of remand will be mere surplusage.

Case remanded.

---

* Professor Moore says that such allegations cannot make the case removable. Moore's Commentary on the U. S. Judicial Code p. 252. It is clear that allegations in a counterclaim do not make the case removable by plaintiff. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. As to the allegations in the answer against a third party defendant, see Habermel v. Mong, 6 Cir., 31 F.2d 822, 825, 67 A.L.R. 216; President and Directors of Manhattan Co. v. Monogram Associates, D.C., 81 F. Supp. 739, and compare Brown v. Hecht Co., D.C., 78 F.Supp. 540; Sequoyah Feed & Supply Co. v. Robinson, D.C., 101 F.Supp. 680; Peter Holding Co. v. LeRoy Foods, Inc., D.C., 107 F.Supp. 56.