**NELLO L. TEER COMPANY, Plaintiff,**

v.

**J. A. JONES CONSTRUCTION CO.,**
Defendant.

**No. C-1-D.**

United States District Court
M. D. North Carolina
Durham Division.
April 4, 1958.

Basil M. Watkins and Charles B. Nye, Durham, N. C., for plaintiff.

H. Haywood Robbins and William H. Abernethy, Charlotte, N. C., for defendant.

STANLEY, District Judge.

This civil action was commenced in the Superior Court of Durham County, North Carolina, on the 25th day of November, 1957, by plaintiff, Nello L. Teer Company, a corporation organized and existing under the laws of the State of Delaware and maintaining its principal office in Durham County, North Carolina, against the defendant, J. A. Jones Construction Company, a corporation organized and existing under the laws of the State of Delaware and maintaining its principal office in Mecklenburg County, North Carolina.

The plaintiff alleges in its complaint that in 1956 it entered into a verbal contract and agreement with the defendant whereby the plaintiff agreed to sell and the defendant agreed to purchase various items of construction equipment and supplies which the plaintiff owned and had stored at the Keflavik Airport in Iceland; that all the negotiations leading up to the contract and agreement finally reached between the parties were conducted in the State of North Carolina; that plaintiff fully and completely complied with the terms and conditions of its contract and agreement with the defendant and, on April 24, 1956, delivered possession of the equipment and supplies to the defendant at the Keflavik Airport in Iceland to the fullest extent that was possible and expected under the terms of the contract and agreement; and that the defendant has failed and refused, upon demand, to pay the plaintiff the agreed contract price of said equipment and supplies in the amount of $342,951.95. The plaintiff prays for the recovery of said contract price.

On January 3, 1958, the defendant filed a petition for removal to this court and removal was effected in accordance with the provisions of 28 U.S.C.A. § 1446. In its petition for removal the defendant contends that this action arises under the Constitution, laws or treaties of the United States, and is an action of which the United States District Courts are given original jurisdiction, by reason of the fact that a determination of the rights of the parties depends upon the construction and interpretation of a Treaty Annex on the status of United States personnel and property contained in the Iceland Defense Agreement with the United States of America, dated May 5, 1951, and the construction of a contract between the defendant and the United States of America which was to be performed in the country of Iceland by the defendant pursuant to said treaty. The defendant further contends that the court is required to take judicial notice of the existence and provisions of said Treaty Annex and contract.

The plaintiff thereafter filed an answer to the defendant's petition and moved to remand the case to the State Court. The plaintiff denies that the cause of action arises out of, under or depends upon the provisions or interpretations of said Treaty Annex. The plaintiff further alleges that it was not a party to the contract between the defendant and the United States of America which was to be performed in the country of Iceland by the defendant, and that the plaintiff has no cause of

action, right or duty arising out of the construction or interpretation of said contract and that same forms no basis or bar to the plaintiff's cause of action.

The pleadings in this action clearly establish that the only possible ground for federal jurisdiction is that the controversy arises under the Constitution, laws or treaties of the United States. It is conceded that there is no diversity of citizenship.

Except in a few rare instances, such as in cases where federal jurisdiction is obviously present and the plaintiff fraudulently attempts to evade removal, the question of whether the case arises under the Constitution, laws or treaties of the United States must be decided on the basis of whether a federal question is present on the basis of the plaintiff's complaint, unaided by answer or petition for removal. None of the exceptions to this firmly settled principle of law are present in this case. The fact that in subsequent proceedings it is possible or probable that a federal question will arise is not a basis to support federal jurisdiction. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126.

An examination of the complaint shows that no reference is made to anything other than an oral contract between the plaintiff and defendant, which was negotiated and entered into in the State of North Carolina, and that the plaintiff bases its entire cause and claim upon this contract. Plaintiff has nowhere laid claim to any right or remedy given it by any federal law. It simply contends that there was an oral contract for the purchase and sale of certain items of equipment and supplies, and that the defendant has unlawfully refused to pay the agreed contract price for the equipment and supplies which it purchased. A fair interpretation of the complaint shows that this is the only cause of action which the plaintiff purports to set forth.

The defendant contends, however, that the complaint discloses that the supplies and equipment allegedly sold the defendant were stored at the Keflavik Airport in Iceland and delivery was made there, and that these facts combined with the fact that the court must take judicial notice of the Treaty Annex, a federal question becomes involved which is sufficient to establish federal jurisdiction. This position is untenable. The mere fact that the provisions of the Treaty Annex might be asserted as a defense to the plaintiff's cause of action does not render this a case which may be determined only in the federal courts. In such a case, the defendant must rely for protection of its rights upon action by the state courts, "which are just as much bound as are the federal courts to give effect to the laws of the United States, and in a case involving those laws are subject to review by the Supreme Court of the United States." Allen v. Southern Ry. Co., D.C., 114 F.Supp. 72, 75.

There are many federal cases dealing with the rule to be applied in determining whether or not a federal question is involved, where cases are removed from state courts to the federal court, and what constitutes a federal question. These subjects are exhaustively treated by the United States Supreme Court in Louisville & Nashville R. Co. v. Mottley, supra, and Gully v. First National Bank, supra. The legal principles enunciated in these cases are still uniformly followed in the current decisions.

Most of the points urged by the defendant in this case are covered in a well-considered opinion written by Chief Judge Parker of the Court of Appeals for the Fourth Circuit in Allen v. Southern Ry. Co., supra. In that case, the federal question was first raised in the petition for removal. While the court took judicial notice of certain federal statutes, it held that the case must be remanded to the state court since the complaint stated no cause of action arising under those statutes. Many of the leading cases dealing with the problems here involved are cited in that opinion. Also see Sandsberry v. Gulf, C. & S. F. Ry. Co., 114 F.Supp. 834, as one of the

later cases in which the subject is fully discussed.

Finding as I do that no federal question exists upon the face of the complaint, and in accord with the holding of the courts in all the cases that have been brought to my attention, including the cases referred to above, I conclude that this case must be remanded to the state court.

An order in conformity with this opinion will be prepared by counsel for the plaintiff and presented to the court for signing.