Robert W. REID and Mary Reid, his wife, Appellants,

v.

Mark S. REID and Lois C. Hinger Reid, his wife, Don R. Reid and Billie C. Reid, Appellees.

No. 6044.

United States Court of Appeals Tenth Circuit.

Aug. 17, 1959.

924

W. Peter McAtee, Albuquerque, N. M. (McAtee, Toulouse & Marchiondo, Albuquerque, N. M., and Seth, Montgomery, Federici & Andrews, Santa Fe, N. M., on the brief), for appellants.

Everett M. Grantham and Fred M. Standley, Albuquerque, N. M. (Grantham, Spann & Sanchez, Albuquerque, N. M., on the brief), for appellees.

Before BRATTON, HUXMAN and LEWIS, Circuit Judges.

BRATTON, Circuit Judge.

This litigation presents rival claims of kinspeople in connection with certain ranch property in New Mexico. Robert W. Reid and Percy Reid are brothers; Mark S. Reid and Don R. Reid are brothers; are sons of Percy Reid; and are nephews of Robert W. Reid. Mary Reid is the wife of Robert W. Reid; Lois C. Hinger Reid is the wife of Mark S. Reid; and Billie C. Reid is the wife of Don R. Reid. Mark S. Reid and wife, citizens of Arizona, instituted the action in the United States Court for New Mexico against Robert W. Reid and wife, citizens of New Mexico.

The complaint was in two causes of action. Predicating jurisdiction upon diversity of citizenship with the requisite amount in controversy, it was alleged in substance in the first cause of action that the defendants executed, acknowledged and delivered to the plaintiffs a certain instrument denominated warranty deed which purported on its face to convey certain patented land, certain patented mining claims, certain unpatented mining claims, and a certain forest service allotment known as the Mineral Creek Allotment in the Gila National Forest; that the defendants also executed, acknowledged, and delivered to plaintiffs a certain instrument denominated warranty

deed which purported on its face to convey certain grazing leases upon state-owned lands; and that it was the mutual intention of the parties that such property was sold by the defendants and purchased by the plaintiffs as a complete ranching unit. It was further alleged that to secure to the defendants the agreed purchase price of such ranch, plaintiffs executed a certain instrument denominated a mortgage securing a described promissory note in the sum of $17,500; and that the property described in the mortgage was the same patented land and patented mining claims as that set forth in the warranty deed, as well as certain unpatented mining claims. It was further pleaded that by reason of a mutual mistake of law and fact, the plaintiffs and defendants believed that the defendants could convey by warranty deed and plaintiffs could mortgage as a security for the purchase price of such ranching unit the unpatented mining claims and the allotment, and that the defendants could transfer by warranty deed all of their right, title, and interest in and to the grazing leases. It was further alleged that shortly after the execution of such deeds and mortgage, and in derogation of the agreement between the parties, the defendants advised the United States Forest Service and the Commissioner of Public Lands of the State of New Mexico that they claimed the allotment and the grazing leases, respectively, and that they objected to consideration being given to the transfer of such allotment and such leases to the plaintiffs. It was further alleged that the Commissioner of Public Lands of New Mexico approved the relinquishment of the state grazing leases in favor of the plaintiffs, but that due to the objections and protests of the defendants the Forest Service had refused to recognize such warranty deed or to consider the transfer of the allotment to the plaintiffs unless and until a waiver was signed by the defendants. And it was further alleged that when the plaintiffs learned that the Forest Service would not recognize the deed as conveying any interest in the allotment, they made demand of the defendants that they execute the necessary and proper waivers and other documents required, but that the defendants failed and refused to do so and have remained in possession of such lands. The relief sought was an injunction restraining the defendants from having or claiming any right, title, or interest in and to the lands embraced in such unpatented mining claims and such allotment, or from obstructing or interfering with the plaintiffs in connection with such lands; that a mandatory injunction issue requiring the defendants to execute such waivers, relinquishments, or other instruments as might be proper and necessary in order that the plaintiffs could apply to the Forest Service for the issuance to them of a grazing permit on the allotment and to obtain possessory rights to the unpatented mining claims; and that such other and further orders issue as equity and good conscience might require. In the second cause of action the plaintiffs sought damages for breach of the contract with resulting economic loss.

In their answer, the defendants admitted the execution of the warranty deeds but alleged among other things that the inclusion of the allotment in one of such deeds was by mistake. In an amended counterclaim, the defendants pleaded that the transaction between plaintiffs and defendants was part of an entire family transaction involving Percy Reid and wife, Robert W. Reid, Mark S. Reid, and Don R. Reid; that in such entire family transaction, Robert W. Reid and wife were to execute the deed to Mark S. Reid; that Percy Reid and Don R. Reid were to convey other lands to Robert W. Reid; that Percy Reid and Don R. Reid were also to furnish Robert W. Reid and wife with registered bulls for servicing their cattle; and that Don R. Reid had breached such family transaction. A motion was made that Don R. Reid be made a party to the action. Mark S. Reid, Lois C. Hinger Reid, Don R. Reid, and Billie C. Reid answered the amended counter-

claim. But it was specifically pleaded in the answer that there was no diversity of citizenship between the defendants Robert W. Reid and his wife and Don R. Reid and his wife; and that therefore the court was without jurisdiction to hear and determine any issues as between such parties.

The pivotal issue of fact presented to the trial court was whether the parties mutually agreed that the allotment should be transferred from defendants Robert W. Reid and wife to plaintiffs Mark S. Reid and wife, and whether such allotment was included in the warranty deed with the knowledge and approval of all such parties. The court resolved the issue in favor of plaintiffs. Based upon adequate supporting evidence, the court expressly found that defendants Robert W. Reid and wife sold to plaintiffs Mark S. Reid and wife a complete ranching unit consisting of fee lands, patented and unpatented mining claims, state grazing leases, and the allotment; and that the instruments executed in connection therewith were executed, acknowledged, delivered, and accepted by the respective parties with full knowledge of their contents. In its judgment, the court enjoined the defendants Robert W. Reid and wife from having or claiming any right, title or interest adverse to plaintiffs Mark S. Reid and wife in the allotment, and in and to the mining claims within such allotment; enjoined the defendants from obstructing or interfering with the plaintiffs in connection with such lands; required the defendants to execute and deliver to the plaintiffs a waiver of grazing privileges on the allotment as well as other instruments in writing which might be necessary and proper in order that plaintiffs might proceed to apply to the Forest Service for the issuance to them of a grazing permit on the allotment; required the defendants forthwith to remove their livestock from the allotment; denied the plaintiffs recovery for damages asserted in the second cause of action; struck the appearance and answer of Don R. Reid and wife; dismissed with prejudice the amended counterclaim filed against Don R. Reid and wife; and retained jurisdiction of the action for the entering of such further orders as might be necessary and proper to carry the judgment into effect. And the court later entered a supplemental order which provided that in the event the judgment should be affirmed, and in the event that an application of the plaintiffs for grazing privileges on the allotment should meet with administrative rejection, the injunction theretofore issued should be of no further force and effect. Defendants Robert W. Reid and wife appeal.

■ Complaint is made that the court failed to determine at the outset of the hearing the question whether Don R. Reid and wife were indispensable parties. It is urged in effect that deferring a determination of such question until the making of the findings of fact and conclusions of law constituted prejudicial error. But we are unable to share that view. The juncture at which the question should be determined rested in the sound judicial discretion of the court. And holding in abeyance the determination of the question until the making of the findings of fact and conclusions of law did not constitute prejudicial error of which appellants can complain.

■ Going beyond the procedural feature of the question, it is urged that when the court came to determine the question whether Don R. Reid and wife were indispensable parties, the question was determined erroneously. While there is no ready rule of thumb immediately available for determining in every case whether a person or corporation is an indispensable party, it is the general rule that an indispensable party is one who not only has an interest in the controversy, but an interest of such nature that a final decree cannot be rendered as between other claimants of interest who are parties without affecting that interest or leaving the controversy in such condition that its final determination may be whol-

ly inconsistent with equity and good conscience. Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Choctaw and Chickasaw Nations v. Seitz, 10 Cir., 193 F.2d 456, certiorari denied 343 U.S. 919, 72 S.Ct. 676, 96 L.Ed. 1332; Dunham v. Robertson, 10 Cir., 198 F.2d 316; Carter Oil Co. v. Crude Oil Co., 10 Cir., 201 F.2d 547; Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442; and Williams v. Pacific Royalty Co., 10 Cir., 247 F.2d 672.

■ The first cause of action pleaded in the complaint contained allegations respecting the execution and delivery of the warranty deed which purported on its face to transfer the grazing leases. Robert W. Reid and wife, and Percy Reid and wife, were the grantors or transferors in such instrument. And Mark S. Reid and wife, and Don R. Reid and wife, were the grantees or transferees. But it was affirmatively pleaded in such cause of action that the Commissioner of Public Lands of New Mexico had approved the relinquishment of such leases in favor of plaintiffs Mark S. Reid and wife. And therefore plaintiffs did not seek any relief in the action in respect to such leases. The relief which plaintiffs sought was confined to the allotment and the unpatented mining claims. And Don R. Reid and his wife did not have any right, title, or interest in such allotment or such mining claims. Their absence as parties to the action did not present any impediment to the final adjudication of the rival claims of interest of plaintiffs and defendants in connection with such allotment and such mining claims. Neither did their absence give rise to a situation which would result in leaving the controversy in such condition that its final determination might be inconsistent with equity and good conscience. Accordingly, they were not indispensable parties.

■ The judgment is challenged upon the ground that the permanent injunctive provisions contained therein respecting the conveyance of the allotment and the use of the grazing land constituting the allotment would be impossible of performance. The substance of the argument is that the warranty deed which appellants executed purporting on its face to convey the allotment was not effective for that purpose; and that the allotment could be transferred only by administrative action of the Forest Service. The warranty deed was ineffective as a conveyance or transfer of the allotment. As we understand the situation, the administrative requirements for the transfer of an existing allotment of that kind is that the holder thereof execute a relinquishment and the Forest Service then issue a new permit to the new permittee. But the appellees did not seek a judicial adjudication that title to the allotment had passed to them and was vested in them. And the court did not enter a judgment to that effect. The appellees merely sought and the court merely granted a judgment requiring appellants to execute a relinquishment or other documents necessary or required in order that appellees could apply to the Forest Service for a grazing permit to them covering the land constituting the allotment. And upon finding that as a part of the transaction it was mutually agreed between the parties that the allotment should pass from appellants to appellees, it lay well within the range of the equitable jurisdiction of the court to require appellants to execute such relinquishment or other instrument or instruments necessary or proper to effectuate the transfer of the allotment. Watson Bros. Transportation Co. v. Jaffa, 8 Cir., 143 F.2d 340.

■ The judgment is subjected to the further challenge that Mark S. Reid and wife could not meet the requirements of the Forest Service for the issuance to them of a grazing permit covering the allotment; that in the event appellants should execute a relinquishment in obedience to the decree of the court and no new permit should be issued to the appellees, appellants would suffer irreparable loss with appellees not enjoying comparable benefits. It appeared at the trial that under its administrative practice, the

Forest Service required as qualification for a preference right to a grazing permit of the kind here in question that the applicant own commensurate ranch property and livestock. And it further appeared that the appellees Mark S. Reid and wife did not then presently own any cattle or ranch headquarters. But it could well be that when the appellants shall have executed a relinquishment to the outstanding grazing permit and the appellees shall submit an application for a grazing permit to them they will own the required commensurate property and livestock. In any event, the supplemental order was designed to protect appellants against the loss of the grazing permit without any comparative benefit to the appellees. Too, the reserved jurisdiction to enter subsequent orders could be activated and exercised in an appropriate manner to afford appellants any judicial relief or redress to which circumstances intervening in the future may entitle them.

█ One remaining contention merits attention. It is argued that specific performance should be denied for the reason that the consideration passing to appellants was so disproportionate to the value of the property passing to appellees that the transaction constituted an unconscionable bargain. The issue was not pleaded as a defense and the evidence relating to the question was meager. There was testimony that the ranching unit with the allotment included was reasonably worth $52,000. The sale price was $20,000. But appellants were thoroughly familiar with the property. They had used it for years in the conduct of their ranch business. The parties negotiated from time to time for months and finally came into accord. There was no overreaching of appellants arising out of their unfamiliarity with the property. And in such circumstances it cannot be said that the price was so disproportionate to the value of the property as to constitute an unconscionable bargain.

The judgment is affirmed.