Lawrence A. MARSDEN, Plaintiff,

v.

SOUTHERN FLIGHT SERVICE, INC., Aircraft Finance Company and First National Bank of Springfield, Defendants.

No. C-152-G-60.

United States District Court
M. D. North Carolina,
Greensboro Division.
· March 10, 1961.

Schoch & Schoch, High Point, N. C., for plaintiff.

Grier, Parker, Poe & Thompson, Charlotte, N. C., for defendants Aircraft Finance Co. and First Nat. Bank of Springfield.

EDWIN M. STANLEY, District Judge.

This matter is before the court on the motion of the plaintiff to remand the action to the state court for trial.

The plaintiff, Lawrence A. Marsden, a citizen and resident of North Carolina, instituted this declaratory judgment action in the Superior Court of Guilford County, North Carolina, High Point Division, seeking a declaration that a chattel mortgage held by the defendants, Aircraft Finance Company and First National Bank of Springfield, is inoperative against the plaintiff. The defendant, Aircraft Finance Company, is a Delaware corporation, with its principal office and place of business in Springfield, Illinois, and the defendant, First National Bank of Springfield, is a banking corporation with its principal office and place of business in Springfield, Illinois. Southern Flight Service, Inc., a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina, was joined as a defendant on the allegation that the plaintiff purchased the aircraft in question from said defendant on January 21, 1960.

The two non-resident corporations timely filed a petition for removal and caused the case to be removed to this court, showing diversity of citizenship between the petitioners and plaintiff, and a jurisdictional amount in controversy. The plaintiff thereafter moved to remand the case to the Superior Court of Guilford County, High Point Division, on the grounds that it was not a removable action by reason of the fact that there was no diversity of citizenship between the plaintiff and all the defendants.

The plaintiff alleges in his complaint that on January 21, 1960, by bill of sale, the defendant, Southern Flight Service, Inc., sold and transferred to him a 1958 Beachcraft Airplane for the sum of $20,400, and that the bill of sale was duly recorded with the Federal Aviation Agency on October 6, 1960; that on or about May 18, 1960, the defendant, Southern Flight Service, Inc., executed a note in the amount of $33,497.28 to the defendant, Aircraft Finance Company, and secured same by a chattel mortgage on the same 1958 Beachcraft Airplane which had previously been purchased by the plaintiff; that on the same day, May 18, 1960, the defendant, Aircraft Finance Company, assigned said note and chattel mortgage to the defendant, First National Bank of Springfield, and that the chattel mortgage and assignment were recorded with the Federal Aviation Agency on May 23, 1960; that the Southern Flight Service, Inc., is in default on the note and the First National Bank of Springfield has made demand upon the plaintiff for possession of said aircraft; that the defendants, Aircraft Finance Company and First National Bank of Springfield, before the acquisition of their lien, had actual notice of the prior sale of said aircraft to plaintiff; and that by reason of actual notice of the prior sale of said aircraft to the plaintiff, the subsequent chattel mortgage does not constitute a valid lien. The complaint prays that the chattel mortgage held by the non-resident defendants be declared inoperative against the plaintiff.

In their removal petition, filed on November 14, 1960, the non-resident defendants assert that the controversy is entirely between them and the plaintiff; that no relief is sought against Southern Flight Service, Inc., and said resident defendant is not a real party in interest in the dispute, and is at most a formal or nominal party. As an additional ground for removal, the non-resident defendants assert that the action involves a controversy in which their rights are founded on laws of the United States, to-wit, the Aviation Act of 1958 (49 U.S. C.A. § 1403), which provided for the recordation of aircraft ownership.

The question of whether the case arises under the laws of the United States must be decided on the basis of whether a federal question is present on the face of the complaint, unaided by answer or removal petition. The fact that in subsequent proceedings it might be possible or probable that a federal question will arise is not a basis to support federal jurisdiction. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, and Louisville & National R. R. Co. v. Motley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126. Unless a federal question appears from the face of the complaint, the defendants must rely upon the state courts for protection of their rights, which courts are "just as much bound as are the federal courts to give effect to the laws of the United States, and in a case involving those laws are subject to review by the Supreme Court of the United States." Allen v. Southern Ry. Co., D.C., 114 F.Supp. 72, 75. Also see Nello L. Teer Company v. J. A. Jones Construction Co., D.C.M.D.N.C.1958, 160 F.Supp. 345, and the authorities therein cited.

An examination of the complaint reveals that the plaintiff has nowhere laid claim to any right or remedy given him by federal law. No reference is made to anything other than a bill of sale executed and delivered by the Southern Flight Service, Inc., a North Caro-lina corporation, to the plaintiff, a citizen and resident of this State, and the subsequent execution of a note and chattel mortgage by the Southern Flight Service, Inc., to the non-resident defendants. The plaintiff simply contends that its bill of sale has priority over the subsequently executed chattel mortgage, particularly when the non-resident defendants had actual notice of plaintiff's ownership of the aircraft.

It is concluded that no federal question appears upon the face of the complaint and that the case was not removable upon that ground.

The remaining question, that is, whether the Southern Flight Service, Inc., is such an indispensable party to the action as to prevent federal jurisdiction under the removal statute, 28 U.S. C.A. § 1441, presents a more difficult problem.

Plaintiff instituted this action under the North Carolina Declaratory Judgments Act,[1] and principally relies upon that section of the act dealing with parties, which provides, in pertinent part, as follows:

"When declaratory relief is sought, all persons shall be made parties *who have or claim any interest* which would be affected by the declaration * * *." (Emphasis supplied.)

The plaintiff argues that Southern Flight Service, Inc., claimed an interest in the airplane when it executed the note and chattel mortgage to the non-resident defendants, which was subsequent to the date of the sale to him, and that under the plain wording of the above statute the resident defendant is an indispensable party to the action. On the other hand, the non-resident defendants contend that the controversy is entirely between them and the plaintiff, and attempt to support this contention by pointing to the fact that the plaintiff seeks no relief against the resident defendant. In this connection, it should be noted that the plaintiff only seeks to have the non-resi-

[1]. Sections 1–253 through 1–267, General Statutes of North Carolina.

dent defendants enjoined from taking possession of the aircraft and foreclosing under the terms of the chattel mortgage, or in any other manner interfering with plaintiff's quiet possession of the aircraft, and a declaration that the chattel mortgage held by the non-resident defendants should be set aside and declared inoperative against the plaintiff.

■ In determining removability, nominal or formal parties are to be disregarded and only indispensable parties are to be considered, Barron and Holtzoff Federal Practice and Procedure, Volume 1, Section 103, and it is uniformly held that the question of whether the parties are indispensable must be determined by the federal courts according to federal rather than state rules. Ford v. Adkins, D.C.E.D.Ill.1941, 39 F.Supp. 472.

■ While determination of whether a person or corporation is an indispensable party is not always an easy task, and there is no ready rule of thumb immediately available for making such determination, "* * * it is the general rule that an indispensable party is one who not only has an interest in the controversy, but an interest of such nature that a final decree cannot be rendered as between other claimants of interest who are parties without affecting that interest or leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience. Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Choctaw and Chickasaw Nations v. Seitz, 10 Cir., 193 F.2d 456, certiorari denied 343 U.S. 919, 72 S.Ct. 676, 96 L.Ed. 1332; Dunham v. Robertson, 10 Cir., 198 F.2d 316; Carter Oil Co. v. Crude Oil Co., 10 Cir., 201 F.2d 547; Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442; and Williams v. Pacific Royalty Co., 10 Cir., 247 F.2d 672." Reid v. Reid, 10 Cir., 1959, 269 F.2d 923, 927. Also see Photometric Products Corporation v. Radtke, D.C., S.D.N.Y.1954, 17 F.R.D. 103. Further, in determining whether a party is indispensable, consideration should be given to the type of his legal interest in the property involved, and the type of relief demanded against him. "Where the interest is distinct and the relief sought does not go beyond the protection of that interest, only the parties immediately involved are indispensable, and the fact that other parties may have a like interest is immaterial." Moore's Federal Practice, Volume 3, Section 1909.

■ The plaintiff alleges the resident defendant to be "wholly and completely insolvent." It has filed no answer. The plaintiff seeks no relief against the resident defendant, and it is clearly apparent that a final decree can be rendered between the plaintiff and the non-resident defendants without affecting the interest of the resident defendant or "leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience." Reid v. Reid, supra. It is further apparent that the only parties immediately involved, and thus indispensable, are the plaintiff and the non-resident defendants. The fact that the resident defendant may hereafter assert some interest in the property is immaterial. The plaintiff may be afforded the complete relief he seeks against the non-resident defendants. Salem Trust Co. v. Manufacturers Co., 1924, 264 U.S. 182, 44 S.Ct. 266, 66 L.Ed. 628.

■ It might logically be argued that the plaintiff could have sought such relief against the resident defendant as to make it an indispensable party. However, in considering a motion to remand, the court must restrict itself to the allegations in the complaint and the relief sought. Allegations that might have been made, or relief that might have been sought, are not to be considered. Gillette v. Koss Construction Company, D.C.W.D.Mo.1957, 149 F.Supp. 353.

It is concluded that the motion to remand the action to the state court should be denied.