## PRESIDENT AND DIRECTORS OF MANHATTAN CO. v. MONOGRAM ASSOCIATES, Inc., et al.

## PRESIDENT AND DIRECTORS OF MANHATTAN CO. v. WAX et al.
### Civil Actions Nos. 9564, 9565.

United States District Court,
E. D. New York.

Jan. 26, 1949.

Harry J. Macklis, of Jamaica, N. Y., for plaintiff.

Abraham Epstein, of New York City, for defendants.

Hawkins, Delafield & Wood, of New York City (Clarence Fried, of New York City, of counsel), for impleaded defendant.

BYERS, District Judge.

These are companion motions in two cases, which are so similar as to be indistinguishable for present purposes, to restrain further proceedings in the Supreme Court of the State of New York, in actions there pending between the same respective parties, or in the alternative to remand each cause. One opinion will suffice, since the questions raised are identical.

Removal was duly had by the third party defendant, who was vouched into the State court suit by appropriate pleading, to meet certain issues of breach of warranty.

That removal brought the entire controversy in each case, to this Court; decision is required as to whether all or part thereof should be retained.

The plaintiff bank sues the respective defendants, to recover the unpaid balance of the purchase price of certain mechanical devices; it does so as assignee of the seller.

The seller is the third party defendant in each case, on the theory that it has breached its warranty accompanying the original sale in each case.

In other words, the complication arises because the seller, instead of suing directly

and thus exposing itself to a possible counterclaim for breach of warranty, has assigned the original contracts of sale, and the assignee sues in its own right. Cf. National City Bank of New York v. Prospect Syndicate, 170 Misc. 611, 10 N.Y.S.2d 759.

A provision common to both contracts of sale is the pivotal issue upon which this decision must rest.

Removal was had by the third party defendant properly enough, since it is a corporation of Delaware and hence diversity of citizenship is shown as to plaintiff, a corporation of New York, and as to the corporate defendant in the second suit. The residential status of the several individual defendants is not of import.

If the assignment in each case had been of a contract of sale which was free from conditions, it would be clear that the assignee bank would but stand in the shoes of the assignor, and its cause would be subject to all defences available against the latter. Such is not the case, however, for each contract of conditional sale, as pleaded, provides that it may be freely assigned by the seller without notice, and that "Any such assignee, in the absence of an express contract, shall not be responsible to the Purchaser (the defendant) for any failure of the Seller to fulfill its obligations to the Purchaser. Any claim with respect to any warranties herein set forth (there are none pleaded) will be made by the Purchaser against the Seller and not against any assignee of the Seller, and the Purchaser will not set up any claim against the Seller as a defense, counterclaim or offset against any assignee of the Seller hereunder, whether or not action be brought by the assignee, and whether or not any action brought by such assignee be brought hereunder for the purchase price or for possession of the property."

The quoted language indicates the essential difference between the contract status of these defendants toward their sellers with respect to the latter's dealings with an assignee of the contracts of sale, and that which existed in the comparable relationship in Consolidated Textile Corporation v. Iserson et al., D.C., 294 F. 289.

Moreover, the provisions of Title 28 U.S.C.A. § 1441(c), effective September 1, 1948, whereby this Court may remand in part and retain in part, point the way to what is thought to be the correct decision herein, the exercise of discretion being based upon these considerations:

A. The controversy between each defendant, as third party plaintiff, and the third party defendant, is completely separate and distinct from that stated in the pleadings between the plaintiff and each defendant; it is between parties of diverse citizenship and the removal thereof to this Court was proper and is not subject to attack.

B. The New York State Supreme Court has already acquired jurisdiction of the primary cause, in personam, and its jurisdiction having first attached should be deferred to as a matter of comity.

C. The defendants plead no counterclaim against the plaintiff; therefore there will be no duplication of trial of issues between the original parties.

These reasons lead to the conclusion that the motion for a stay in the State court proceedings must be denied; remand will be directed as to the controversy between the plaintiff and each defendant, based upon the cause of the plaintiff as pleaded.

Remand will be denied as to the controversy between the defendant or defendants, as third party plaintiff, and the third party defendant, in each case.

Settle order.