SEQUOYAH FEED & SUPPLY CO., Inc. v. ROBINSON et al.

Civil No. 203.

United States District Court
W. D. Arkansas, Fayetteville Division.
Dec. 27, 1951.

Greenhaw & Greenhaw, Fayetteville, Ark., Tom Pearson, Fayetteville, Ark., for plaintiff, Sequoyah, and for cross-defendant, Pillsbury.

Rex W. Perkins, Price Dickson, Fayetteville, Ark., for defendant, J. A. Robinson.

Lee Seamster of Fayetteville, Ark., for First Nat. Bank of Fayetteville, Ark.

JOHN E. MILLER, District Judge.

Motion to remand this case to the Chancery Court of Washington County, Arkansas, was filed by the defendant and cross-claimant, J. A. Robinson, which motion was heard by the court on December 27, 1951.

Plaintiff filed its complaint against J. A. Robinson and First National Bank of Fayetteville to recover against Robinson for an indebtedness in the total sum of $7,181.71 and to foreclose a chattel mortgage and to enjoin the Bank from permitting certain bank accounts of Robinson to be checked out. Subsequently Robinson filed a cross-complaint, under the State procedure, against Pillsbury Mills, Inc., seeking to recover damages for breach of contract and money owed in the total sum of $35,000. Pillsbury removed the case to this court under 28 U.S.C.A. § 1441(c). The question before the court is whether the case was removed improvidently and without jurisdiction.

28 U.S.C.A. § 1441(c) provides, inter alia: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed * * *."

This subsection was substituted for the provision in Sec. 71 of 28 U.S.C., 1940 ed., which read: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States".

Concerning the "separable controversy" provision of old Sec. 71, and the change made by 1441(c), the Revisors notes provide:

"This quoted language has occasioned much confusion. The courts have attempted to distinguish between separate and separable controversies, a distinction which is sound in theory but illusory in substance.

"Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation."

Without further discussion, the court is of the opinion that the claim asserted against Pillsbury on the cross-complaint is "a separate and independent claim or cause of action" within the contemplation of 1441(c). However, this is not conclusive of the matter, and the real question before the court is whether the Congress intended that 1441(c) be confined to the situation whereby the plaintiff joins two or more claims, one of which qualifies as a separate and independent claim, or whether the section covers claims introduced into the action by counterclaims, cross-claims, third-party claims, etc.

In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, at page 104, 61 S.Ct. 868, at page 870, 85 L.Ed. 1214, the Supreme Court held that a plaintiff defending against a counterclaim was not a defendant within the removal statute and could not remove, and concerning the scope of the removal statute and the construction to be given thereto, stated: "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining

in what instances suits are to be removed from the state to the federal courts."

And, at page 108 of 313 U.S., at page 872 of 61 S.Ct: "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' (Citing cases.)"

Under the "separable controversy" provision of Sec. 71, as it stood prior to the enactment of 1441(c) in 1948, a number of cases did hold that "a new party, brought in by cross-bill or cross-complaint, against whom defendants seek affirmative relief, not involved in the original proceeding may remove". Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216; Ellis v. Peak, D.C.N.D.Tex., 22 F.Supp. 908, 910; Henry v. Rice, D.C.E.D.Mo., 74 F.Supp. 222. This may have been the proper construction of the statute as it then read, "when in any suit * * * there shall be a controversy which is wholly between citizens of different States * * *." However, the present statute, intended to further restrict removal, is not so readily susceptible to a similar construction. It will be noted that it speaks of a separate and independent claim, removable if sued upon alone, *joined with* one or more otherwise non-removable claims.

 Concerning the construction to be given 1441(c), Moore, in his Commentary on the U. S. Judicial Code, Sec. 0.03(37),

page 252, states: "In line with this change, and since there is no warrant for removal of an action except insofar as some statute gives it, since the removal statute may properly be construed strictly and against jurisdiction, and since it authorizes removal only in the case where there has been a joinder of two or more causes of action and this joinder may properly be confined to a joinder of claims by the plaintiff, we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal."

In view of the approach taken by the Supreme Court, of rejecting a liberal, or "practical" as called by some courts, construction, and insisting upon a strict construction within "the precise limits which the statute has defined", which, in its opinion, is the Congressional purpose as evidenced by the various legislation on the subject, and the intention of the revisors, accepted by the Congress, to further restrict removal by the 1948 revision, the court feels inclined to agree with the construction given by Moore. In doing so, it wishes to point out that it has no desire to deprive any defendant of its right to remove, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases.

The court has read the case of President and Directors of Manhattan Co. v. Monogram Associates, D.C.E.D.N.Y., 81 F.Supp. 739, which reaches a contrary result without discussing the problem, but chooses not to follow that decision.

• Therefore, an order will be entered remanding the case to the Chancery Court of Washington County, Arkansas, whence it was removed.