**INDUSTRIAL LITHOGRAPHIC CO., Inc.**

v.

**MENDELSOHN et al. (McKESSON & ROBBINS, Inc., Third-Party Defendant).**

**Civ. A. No. 965–52.**

United States District Court
D. New Jersey.

Feb. 24, 1954.

Hein, Smith & Mooney, by Seymour A. Smith, Hackensack, N. J., for plaintiff.

Paul Rittenberg, Paterson, N. J., for third party plaintiffs. Max Mehler, Newark, N. J., of counsel.

Pitney, Hardin & Ward, by William P. Reiss, Newark, N. J., for third party defendant.

MEANEY, District Judge.

The question before the court on this motion is whether a claim introduced into an action by a third party should afford the basis for removal.

Industrial Lithographic Co. Inc., a New York corporation, originally began this action by bringing suit in the courts of the State of New Jersey against defendants, Louis H. Mendelsohn and Abram C. Mendelsohn, individually and trading as Excello Hosiery Mills, citizens of New Jersey. Defendants filed an answer to the complaint and a third party complaint against McKesson & Robbins, Inc., a Maryland corporation, who thereafter removed the proceedings to this court.

The suit between plaintiff herein and third party plaintiffs (Mendelsohn, et al.) arises out of the alleged breach of an agreement entered into on November 30, 1950, whereby the third party plaintiffs agreed to purchase from plaintiff a specified quantity of paper boxes. The suit between third party plaintiffs and third party defendant (McKesson & Robbins, Inc.) concerns the alleged breach of an agreement of September 5, 1950, dealing with the manufacture and delivery of stockings.

At the argument of a prior motion in this cause this court decided that it considered the action between plaintiff and third party plaintiffs to be so separate, distinct and unrelated to that between third party plaintiffs and third party defendant as to require a denial of third party defendant's right to demand of plaintiff the answers to certain interrogatories.

28 U.S.C.A. § 1441(c), under which the entire case was removed to the federal court, states:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is now left to this court to decide whether to retain all or part of the cause before it.

As pointed out, the controversy between the third party plaintiffs and the third party defendant is of a separate and distinct nature from the primary controversy involved herein. It is,

moreover, a controversy between citizens of different states and as such would have been within the original jurisdiction of this court. Consequently, the removal of this cause was proper and the motion for remand must be denied. President and Directors, etc. v. Monogram Associates, D.C.E.D.N.Y.1949, 81 F.Supp. 739.

The court is aware of the view of Professor Moore in his Commentary on the U. S. Judicial Code, p. 252, wherein it is stated that "we do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention or garnishment should afford the basis for removal." It has also considered the case of Sequoyah Feed & Supply Co. Inc. v. Robinson, D.C. W.D.Ark.1951, 101 F.Supp. 680, which followed Professor Moore's reasoning. Yet it would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100 at page 104, 61 S.Ct. 868 at page 870, 85 L.Ed. 1214, "The removal statute which is nation-wide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."

If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, as would appear to be the effect of Professor Moore's dictum and the opinion in the Sequoyah case.

The initial suit between plaintiff and third party plaintiffs herein was properly brought in the state court. Since this court has indicated that that cause and the third party issue are separate and distinct, the motion to remand will be granted with respect to the controversy between Industrial Lithographic Co. Inc., plaintiff, and Louis H. Mendelsohn, et al., third party plaintiffs herein. The motion to remand the third party claim, as stated above, is denied and this court retains jurisdiction of that cause.

Let an order be submitted in conformity with the above.