McMAHON
v.
CITY OF TROY et al.

CITY OF TROY
v.
AETNA CASUALTY & SURETY CO.
Civ. No. 5186.

United States District Court
N. D. New York.

July 23, 1954.

Wagner, Taylor, Howd & Brearton, Troy, for defendant and third-party plaintiff, City of Troy.

Maynard, O'Connor & Smith, Albany, for third-party defendant, Aetna Casualty & Surety Co.

FOLEY, District Judge.

The City of Troy, as shown by the first title above, was sued as a defendant together with the three named individual defendants, in the Supreme Court of the State of New York. It is not an unusual action in the State courts, colloquially described as a "sidewalk case", and is one based in negligence for alleged wrongful death. The death resulted from a fall upon a public sidewalk in front of premises owned by the Scanlons, and occupied by defendant, Hayner, as tenant.

In its answer, pursuant to the provisions of Section 264 of the New York Civil Practice Act, the City cross-claimed against the three individual defendants. The cross-claim against Margaret S. Hayner, with which we are particularly interested here, was founded upon the active and passive theory of negligence as established in New York law, and also upon a certain agreement of indemnification in relation to injury or damage arising from the erection and maintenance of an electric neon sign upon the premises involved. Such agreement of indemnity, in consideration of the grant-

ing of a permit from the City to erect the sign, by its terms generally agreed to indemnify and hold harmless the City from injuries or damages to persons or property growing out of the erection and maintenance of the sign. This contract or agreement of indemnity was signed by defendant, Margaret S. Hayner, as Principal, and the Aetna Casualty & Surety Company, as Surety. The company was not named as a defendant in the action or in the cross-claim in the answer of the City of Troy. It is evident that liability on the part of the surety will not accrue unless and until recovery is had by the City against Margaret S. Hayner upon the particular theory of its cross-claim as to the guarantee of protection from injury and damage caused specifically by the faulty erection or maintenance of the sign.

Thereafter, apparently in accord with the provisions of Section 193–a, of the New York Civil Practice Act, the City of Troy commenced a third-party action against the Aetna Casualty & Surety Company. The Aetna, being a foreign corporation, removed as a third-party defendant the entire action to this district court. There is no challenge of irregularity to the procedure of removal, but the City of Troy, alone, moves to remand upon specific legal grounds the entire action to the State court in which it was instituted. The original plaintiff and individual defendants have not participated in this motion to remand to any extent.

The problem presented is not without some complexity, and has been a subject of controversy in the federal courts. The controlling statute is Section 1441 (c) of Title 28 U.S.C.A., and this new Section, effective in 1948, contained significant changes from the old Section 71 of 28 U.S.C. (1940 Ed.). This old section caused much indulgence by the courts in semantics, but the new section, much clearer and positive in its terms, has not yet allowed the problem to be put at judicial rest. President & Directors of Manhattan Co. v. Monogram Associates, D.C., 81 F.Supp. 739; Sequoyah Feed & Supply Co. v. Robinson, D.C.,

101 F.Supp. 680, 682; Peter Holding Co. v. Le Roy Foods, D.C., 107 F.Supp. 56; South Carolina Electric & Gas Co. v. Aetna Insurance Co., D.C., 114 F. Supp. 79; Allen v. Southern Ry. Co., D.C., 114 F.Supp. 72. The important cases cited by Aetna to keep the entire action in this court are constructions under the old statute. Habermel v. Mong, 6 Cir., 31 F.2d 822; certiorari denied, 280 U.S. 587, 50 S.Ct. 37, 74 L.Ed. 636; Gillette Safety Razor Co. v. Chaffee-Shippers' Service, Inc., D.C., 10 F.Supp. 898; Hilton v. Southern R. Co., D.C., 21 F.Supp. 17. However, there are several cases even under the old statute very persuasive in their reasoning that are opposed to the position of Aetna here. Von Herwarth v. Gristede Bros., D.C., 20 F.Supp. 911, which disagreed with the decision in Gillette, supra; Panzer v. Lyons Cafeterias, D.C., 21 F.Supp. 263.

Professor Moore, a recognized authority in federal practice, flatly says: "We do not believe that any claim introduced into the action by counterclaim, cross-claim, third-party claim, intervention or garnishment should afford the basis for removal." Moore's Commentary on Judicial Code, page 252; Sequoyah Feed & Supply Co. v. Robinson, supra, 101 F.Supp. at page 682; Allen v. Southern R. Co., supra, 114 F.Supp. at page 75, footnote.

[2] Despite the controversy in construction and the substantial question as to whether the entire action should be remanded to the State court, the City of Troy concedes in its brief that the third-party action was properly removable and urges only that the original or main action alone be remanded to the State court. The City asks that the reasoning in President & Directors of Manhattan Co. v. Monogram Associates, supra, be followed, although it was not followed in the Sequoyah case, and that the original action be remanded to the State court without conditions. This solution seems practical and justifiable because of the discretion conferred upon the court by Section 1441(c) to remand all matters not otherwise within its original jurisdiction.

I am unable to follow the argument of the Third-Party Defendant, Aetna, that conditions should be imposed by striking an affirmative defense from the original answer if it is returned to the State court. This would be a high-handed interference with State pleadings. If the separate defense is improperly interposed, as claimed, I am sure the State courts, upon proper motion, will correct the situation. Further, if prejudice is to arise on the trial, I am equally confident that the competent Supreme Court Judges of New York State will be able to control and dissipate such prejudice to the same extent as a federal court. Reflection shows clearly that the same impropriety in pleading, or possible prejudice in trial, would be present in this court if the entire action were retained, and would have to be dealt with the same as in the State court. The provisions of New York procedural law are full and adequate to deal with severance whenever necessary.

The motion to remand the original or main action is granted, and the motion to remand the third-party action is denied.