Robert M. WHITE, Plaintiff,

v.

BALTIC CONVEYOR COMPANY, Defendant and Third Party Plaintiff,

v.

STANDARD ACCIDENT INSURANCE COMPANY, etc., Third Party Defendant.

Civ. No. 229-62.

United States District Court
D. New Jersey.

Oct. 15, 1962.

---

Thomas F. McGuire, Pennsauken, N. J., for plaintiff.

Kisselman, Devine, Deighan & Montano, and Peter J. Devine, Jr., Camden, N. J., for defendant and third party plaintiff.

Lamb, Langan & Blake, and H. Curtis Meanor, Jersey City, N. J., for third party defendant.

LANE, District Judge.

Plaintiff Robert M. White, a domiciliary of Camden, New Jersey, is bringing a negligence action against defendant

Baltic Conveyor, Inc., a corporation chartered in New Jersey. Plaintiff alleges that while he was performing his duties as an employee for Hillside Farms on June 21, 1960, he " * * * slipped and caught his foot between [a] pulley and [a] chain of [a] conveyor" installed on that date in a negligent manner by defendant. "As a result of the negligent and careless construction of the conveyor, the plaintiff [claims that he has] suffered severe and permanent disabling injuries * * *."

Baltic Conveyor, Inc., filed answer denying negligence. In addition, defendant has brought a third-party complaint against Standard Accident Insurance Company, a corporation chartered in Michigan. It claims that Standard Accident should defend the negligence suit, owing to the provisions of a policy defendant has taken out with Standard. The third-party defendant, disclaiming responsibility, maintains that the accident occurred under circumstances which exclude it from policy coverage.

The main claims and the third-party claim were originally filed in the Superior Court of New Jersey, Law Division, Camden County. Thereafter, third-party defendant removed the entire case to the United States District Court.

Plaintiff now moves by motion to have the main complaint removed to the state court. He wants the initial action in the state courts, because the "[o]riginal plaintiff's claim would not be removable if sued upon alone."

Defendant-third party plaintiff appears to be unconcerned whether we retain jurisdiction or remand the entire action to the state courts. It is his desire, however, that either the federal or the state courts entertain jurisdiction over both controversies. Baltic expresses the view: "It would seem to be more expeditious to resolve the entire controversy in one court rather than have part of the matter pending before the State court and part of the matter before the Federal court."

The gist of the third-party defendant's argument advocating removal is that " * * * the third-party action concerning insurance coverage [relates to contract interpretation] * * * and is a separate and independent claim or controversy from the main [negligence] action * * *." Whether this court should retain the entire case or just the third-party action is, the third-party defendant feels, a matter of discretion.

The issue thus before us is whether the introduction into a New Jersey state action of a third-party claim, which would have been removable if asserted in an independent action, affords the basis for removal by the third-party defendant?

We answer in the negative for the following reasons:

## I FEDERAL LAW DETERMINES REMOVAL

■ Not state law but federal law determines when removal can occur. " * * It is a question of the construction of the federal statute on removal, and not the state statute." Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954).

## II POLICY OF LIMITING FEDERAL JURISDICTION

■ It must be borne in mind that the acknowledged policy is non-sympathy to expanding federal jurisdiction. Cf. Trail v. Green, et al., 206 F.Supp. 896 (D.N.J., 1962).

As stated by the Supreme Court in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941):

"Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

In St. Paul Mercury Indemnity v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938), Mr. Justice Roberts,

delivering the opinion of the court, remarked:

> "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."

To quote McCoy v. Siler, 205 F.2d 498, 500–501 (3d Cir. 1953):

> "The state court is open to him. There is no hardship on the [third-party] defendant if we should decide that [the third-party action may not be removed to this court]. * * *. He is subject to suit in state court anyway, and we take it that it is no harder to defend in one court than the other. Nor can we see any social issue involved. The only policy consideration which is apparent is that we should not be astute to widen federal diversity jurisdiction."

The aforesaid is germane in the case at bar. It would be no more difficult for the third-party defendant to defend in the state courts than here.

## III  REMOVAL EXISTS BY STATUTE

■ 1 Barron and Holtzoff, Fed.Prac. and Proc., § 101, p. 455–56 (Rules Ed. 1960) indicates:

> "The right to remove a case from a state to a federal court is purely statutory, being dependent on the will of Congress * * *. Such a procedure was unknown to the common law."

28 U.S.C.A. § 1441(a) proclaims:

> "Actions removable generally
>
> "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defend-

ant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

■ Sec. 1441(a) does not utilize the words "third-party defendant," but merely uses the word "defendant." To define the word defendant to mean not only the defendant in an original complaint but in addition a third-party defendant would be an unwarranted act of judicial legislation. "The purely statutory right of removal is a limited right that is not to be expanded by judicial construction." 1A Moore's Fed.Prac. ¶ 0.167 [11], p. 1053 (2d Ed. 1961).

But the thrust of Standard Accident's argument is that 28 U.S.C.A. § 1441(c) gives us the necessary power to remove the action herein from the state court to the federal court. Sec. 1441(c) states:

> "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

28 U.S.C.A. § 1441(c) is limited to claims joined by the plaintiff, namely:

> "[It] applies when: two or more separate and independent claims are joined in one action; not all of the claims are of a removable character, but at least one is; and, in that event, authorizes removal of the entire case on the basis of a claim, 'which would be removable if sued upon alone,' i. e., this claim would be removable on the basis of a federal question or diversity." 1A Moore's Fed.Prac. ¶ 0.163 [4.–5], p. 705–6 (2d Ed. 1961) [1] (Footnotes omitted).

1. E. g., Evangelical Lutheran Church v. Stanolind Oil & Gas Company, 251 F.2d 412, 416 (8th Cir. 1958). Plaintiff, an incorporated resident of Minnesota, commenced actions in North Dakota State District Court to quiet title to real properties situated in North Dakota. Various defendants were residents, among other places, of Minnesota, North Dakota, Delaware and Ohio. The court

Sec. 1441(c) was intended to and does narrow the right to remove as it had existed under the Judicial Code of 1911, 36 Stat. 1094. All that was needed, there, in addition to diversity, was not a separate and independent claim or cause of action but a separate controversy. Mayflower Industries v. Thor Corporation, 184 F.2d 537, 538 (3d Cir. 1950), cert. den. 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951). "The Congress, in the revision, carried out its purpose to abridge the right of removal." American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951) (Footnote omitted).

Note, 51 Michigan Law Review 115, 117, states:

"It would seem that the court in reaching this result [refers to President and Directors of Manhattan Co. v. Monogram Associates, 81 F.Supp. 1939 (E.D., N.Y.1949) wherein the court allowed third-party defendant to remove] ignored the phrase 'is joined' in Sec. 1441(c) which was interpreted to mean even before * * [Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680 (W.D. Ark., 1951)], joined in the original complaint."

"And, although subsection (c) should be fairly applied the federal courts should construe and apply it in such a manner as will carry out the intent to restrict removal." 1A Moore's Fed.Prac. 0.163 [4.–2], p. 702 (2d Ed. 1961) (Footnotes omitted). Mr. Justice Reed's comment in American Fire, supra, 341 U.S. at 17, 71 S.Ct. at 541, is appropriate:

"The jurisdiction of the federal courts is carefully guarded against expansion by *judicial interpretation* or by prior action or consent of the parties." (Emphasis added.)

In Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680, 682 (W.D. Ark.1951) wherein the court held that third-party defendants lack the power to remove their actions to federal courts, Judge Miller said:[2]

"In view of the approach taken by the Supreme Court, of rejecting a liberal, or 'practical' as called by some courts, construction, and insisting upon a strict construction within 'the precise limits which the statute has defined', which, in its opinion, is the Congressional purpose as evidenced by the various legislation on the subject, and the intention of the revisors, accepted by the Congress, to further restrict removal by the 1948 revision, the court feels inclined to agree with the construction given by Moore. In doing so, it wishes to point out that it has no desire to deprive any defendant of its right to removal, but is simply of the opinion that the Congress has not created such a right in this instance. The Congress could have done so, but had it so intended, it certainly would have used language more clearly evidencing such an intent. And, in the absence of such language, the court feels compelled to adhere to the accepted doctrine of declining jurisdiction in doubtful cases."

█ Consequently, we are of the opinion that 28 U.S.C.A. § 1441(c) does not give us the power to permit removal to the federal district court of an action by a third-party defendant.[3]

---

permitted a Delaware corporation and an Ohio Corporation to remove actions against them to the United States District Court, as the claims against these defendants—in essence, their controversies involve contract construction—were separate and independent from the quiet title claim.

2. Chief Judge Miller is considered to be "an outstanding authority on removal."

1A Moore's Fed.Prac. ¶ 0.167 [11], p. 1052, footnote 20.

3. In Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754 (W.D.Ark. 1959), Judge Miller held that even if claims asserted by defendants against third-party defendants were separate, third-party defendant was not entitled to remove case to federal court by virtue of third-party complaint and cross-complaint

## IV TRIAL OF ENTIRE ACTION IN FORUM

Professor Moore evinces the opinion in 1A Moore's Fed.Prac. ¶ 0.167 [11] p. 1052 (2d Ed. 1961):

"[R]emoval of a suit, not otherwise within federal jurisdiction [the instant initial complaint lacks diversity], because of the introduction of third-party claim * * * is too much akin to the tail wagging the dog."

Clearly, if we should accept third-party defendant's contentions, the original complaint could be remanded to the state court as a matter outside our jurisdiction by virtue of its absence of diversity. We, of course, would then retain a nexus of power over the third-party complaint. Yet should this court determine that Congress, by statute, has given us the power to remand the original action and retain the third-party controversy, we would be defeating the prompt, economical, and sound administration of justice.

By having one forum in charge of an initial complaint and a third-party complaint, can we best avoid calendar congestion. If this court allowed only a third-party complaint to be removed, one court, before proceeding, might have to await the outcome of the other's trial. For example, in the instant case, could a trial of the negligence complaint proceed before the parties determine whether the insurance policy provides that the insurance company should defend?

If one court controls a main claim and a third-party claim, settlement possibilities can more easily be promoted. When one forum conducts settlement conferences among all of the germane parties, it can consider the litigants' diverse interests as a whole. Were the state and federal courts to entertain settlement conferences on the main action and the third-party complaint herein, separately, the diverse interests of the litigants would be considered on a piecemeal basis.

If one forum is responsible for the main action and the third-party action, it would then determine which action substantial justice requires to be tried first. That is, assuming *arguendo*, we rule that Standard Accident could disclaim responsibility for defendant under the terms of the policy, would it be proper to have the insurance company defend against the main negligence action?

The controversy between Baltic Conveyor Company (a New Jersey corporation) and Standard Accident Insurance Company (a Michigan corporation) standing alone would be removable. Different facts and considerations arise, though, wherein there is a third-party complaint. Cf. Mayflower Industries v. Thor Corporation, 184 F.2d 537 (3d Cir. 1950), cert. den., 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).[4] The third-party plaintiff merely "forward passes," if he is successful, the liability to the third-party defendant.[5] Gray v. Hart-

---

filed against it by defendant. Judge Miller commented, with which we concur, in Shaver: " * * * [A] uniform rule limiting removal to a defendant in the case of a joinder of claims by plaintiff comports with the strict construction [that] the removal statute [is nationwide in operation and intended to be uniform,] given by the court in * * * Shamrock [Oil & Gas Corporation v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)] * * *." 171 F.Supp. at 762.

4. Id. 184 F.2d at 538.
   "The controversy between the two New Jersey corporations, Mayflower and Teldisco, standing alone would not be removable. The Mayflower-Thor contro-

versy would." *Held*: In action by Mayflower against Thor and Teldisco, the Mayflower-Thor dispute was not removable as the claims were not separate and independent.

Although different circumstances prevail in the present case, Mayflower Industries v. Thor Corporation demonstrably shows that a party may find himself unable to seek removal, as would normally be his right, because of the presence in the litigation of another party.

5. New Jersey Rules of Civil Practice, R.R. 4:14–1 states:
   *"Third Party Brought in by Defendant*
   "A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and com-

ford Accident and Indemnity Co., 31 F. Supp. 299, 305 (D.La.1940).

■ Third-party claims are, we believe, not sufficiently unrelated to the main claims to be separate and independent actions,[6] owing to the mentioned above reasons of avoiding calendar congestion, promoting settlements, and effectuating substantial justice; and its aim of simply trying to "forward pass" the alleged liability. To allow the third-party defendant, who comes into the case by way of the ancillary third-party practice instead of the main claim, to determine the forum of the case at bar would be "akin to the tail wagging the dog."

## V POLICY OF COMITY

This court is aware of a contrary holding in the District of New Jersey—Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284 (D.N.J.1954).[7] There the court permitted removal of an entire action to a federal court, wherein the main claim lacked diversity but not the third-party complaint. The third-party controversy, the court ruled, was separate and independent from the main action. Id. at 119 F.Supp. 285–286. The court in exercising its discretion, remanded the complaint. Id. 119 F.Supp. at 286.[8]

■ It is true that by comity and tradition, brother judges in the same district customarily follow the other's decisions. In re Petition of Marko Terzich,

153 F.Supp. 651, 653 (W.D.Pa.1957), aff'd 256 F.2d 197 (3d Cir.), cert. den. 358 U.S. 843, 79 S.Ct. 66, 3 L.Ed.2d 77 (1958) and United States v. Jannuzzi, 22 F.R.D. 223 (D.Del.1958). The finding in Industrial Lithographic is eloquently stated; yet, if after consideration of the facts and law, our reasoning compels a different conclusion, as to removal of third-party complaint, we must rule accordingly.

It is this court's considered determination that by reason of:

"(1) The accepted policy to limit federal jurisdiction;

"(2) The non-existence of any federal statutory power that permits removal by the introduction of third-party claim; and

"(3) The benefits accruing to the administration of justice by having one forum, the state courts, in charge of a main complaint lacking federal jurisdiction and the ancillary third-party complaint,"

we would follow the stated view of Chief Judge Miller and Professor Moore.

We therefore rule that the claim introduced into this action by way of third-party complaint does not afford any basis for removal and the entire case is to be remanded to the Superior Court of New Jersey, Law Division, Camden County.

Submit an order in accordance with this decision.

---

plaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

6. "[T]hird party claims in one view are too ancillary to the main action to be classified as separate and independent claims." 1A Moore's Fed.Prac., ¶ 0.167 [11], p. 1052 (2d Ed. 1961).

7. Also, see Rafferty v. Frock, 135 F.Supp. 292 (D.Md.1955), wherein the court ruled that the suit concerning the insurance

policy was separate and independent from the negligence action, hence removable.

8. Compare the Industrial Lithographic decision with Dowell Division of Dow Chemical Company v. L. D. Ormsby, 204 F.Supp. 38 (E.D.Ky.1962). In the Dowell case, Chief Judge Ford cites Moore's statement,— " * * * we do not believe that any claim introduced into the action by counter-claim, cross-claim, third-party claim, intervention, or garnishment should afford the basis for removal." 204 F.Supp. at 39.