Emory D. SEXTON, Plaintiff,

v.

Mary L. ALLDAY, Walter D. McCormick, and the Estate of James D. Allday, Dec'd., Defendants.

Walter D. McCormick and Ramsey Towing, Inc. (Formerly McCormick-Ramsey, Inc.), Cross-Defendants.

Civ. No. PB–63–C–30.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Sept. 9, 1963.

William H. Drew, Lake Village, Ark., for plaintiff.

John F. Gibson, Dermott, Ark., for defendant.

Alston Jennings, of Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., for cross-defendants.

HENLEY, Chief Judge.

This action for personal injuries and wrongful death is now before the Court on the motion of plaintiff to remand the cause to the Circuit Court of Chicot County, Arkansas, whence it was removed to this Court by the defendant Walter D. McCormick and by the cross-defendant Ramsey Towing, Inc. (formerly McCormick-Ramsey, Inc.). Although the motion to remand is not accompanied by a separate statement of reasons and authorities in support thereof, as required by Local Rule 8 of this Court, the motion itself sets out its basis fully. Moreover, the Court is required to notice on its own motion defects in its jurisdiction both in original actions and in removed causes.

The litigation stems from a three car collision which took place in Chicot County in July 1962 near the Greenville Bridge over the Mississippi River. One of the vehicles was operated by plaintiff Emory D. Sexton, another of the vehicles was operated by James D. Allday, and the third vehicle was operated by Walter D. McCormick, an agent of McCormick-Ramsey, Inc., which corporation has been succeeded by Ramsey Towing, Inc. As a

result of the accident, Allday was killed, and Sexton received personal injuries.

Sexton commenced this suit in the Chicot Circuit Court naming as defendants, Mary L. Allday who owned the car which was being operated by James D. Allday at the time of the wreck, "the Estate of James D. Allday, Deceased," and Walter D. McCormick. The complaint alleged that the accident and Sexton's alleged injuries were proximately caused by the concurrent negligence of Allday and McCormick. It was alleged further that Sexton is a citizen of Texas, that the defendant Mary L. Allday is also a citizen of Texas, that the deceased, James D. Allday, was a citizen of Texas at the time of his death, and that Walter D. McCormick is a citizen of Louisiana.

Walter D. McCormick filed a separate answer in the State court denying negligence and alleging that the accident had been caused by the joint and concurrent negligence of Allday and Sexton. McCormick filed no counterclaim.

In a pleading denominated "Answer and Cross-Complaint" Mary L. Allday and "the Estate of James D. Allday, Deceased," [1] denied any liability to Sexton and alleged in substance that the accident and the resulting death and injuries were due solely to the alleged negligence of McCormick. In this pleading the widow and heirs at law of Allday made themselves parties to the litigation and filed a cross-complaint against McCormick and against his employer, McCormick-Ramsey, Inc., seeking to recover damages on account of Allday's death.[2] The Alldays seek no affirmative relief against Sexton.

When the Allday cross-complaint was filed, McCormick and Ramsey Towing, Inc., the successor of McCormick-Ramsey, Inc., removed the case here on the basis of 28 U.S.C.A. § 1441(c), which provides that whenever a "separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more other non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ Concededly, the claim of the Alldays against the removing defendants is separate from and independent of the claim of Sexton against the original defendants, which claim was not removable due to the fact that Sexton and the defendant Mary L. Allday are citizens of Texas. It may be conceded also that the claim of the Alldays against the removing defendants would have been removable if sued upon alone.

However, the federal courts in Arkansas since Judge Miller's decision in Sequoyah Feed & Supply Co. v. Robinson, W.D.Ark., 101 F.Supp. 680, have adhered to the view taken by Professor Moore [3] that in order to afford a basis for removal under section 1441(c) the separate and independent claim must have been one advanced by the plaintiff in his complaint,

---

1. It may be observed at this point that under Arkansas law "the Estate of James D. Allday" was not a suable entity. While Sexton's cause of action against Allday survived against the Allday estate, such action was required to be commenced against a personal representative of Allday. ArkStats.1947, § 27–901. The record does not indicate that a personal representative of Allday has ever been appointed either in Arkansas or Texas.

2. As noted above, under Arkansas law an action against the estate of an alleged tortfeasor must be brought against his personal representative. However, where damages are sought for the benefit of the next of kin of a deceased person, the action may be brought in the name of all of his heirs at law, including his widow, unless there is a personal representative, in which case the representative must sue. Ark.Stats.1947, § 27–907. It may be observed parenthetically that Allday's widow and children have commenced an independent original action in this Court against McCormick and his employer, to which suit Sexton is not a party.

3. Moore, Commentary On The U.S. Judicial Code, § 0.03(37); Moore's Federal Practice, 2d Ed., ¶¶ 0.163(4.–6) et seq.

and that separate and independent claims or causes of action brought into a case by way of counterclaim, cross-claim or third-party complaint or intervention do not justify removal. See Shaver v. Arkansas-Best Freight System, Inc., W. D.Ark., 171 F.Supp. 754; cf. Willingham v. Creswell-Keith, Inc., W.D.Ark., 160 F.Supp. 741, and Ingram v. Sterling, W.D.Ark., 141 F.Supp. 786.[4]

In his opinion in Sequoyah, supra, Judge Miller considered and rejected the contrary view taken by the Court in President & Directors of Manhattan Co. v. Monogram Associates, E.D.N.Y., 81 F.Supp. 739, and in Shaver, supra, Judge Miller said (pp. 762–763 of 171 F.Supp.):

> "When Sequoyah Feed & Supply Co. v. Robinson was before the court, the case of President and Directors of Manhattan Co. v. Monogram Associates * * * was considered. In the latter case a contrary result was reached, but the court did not discuss the problem in its opinion, and this court did not feel that the decision therein was correct.
>
> "In 51 Michigan Law Review 115, both cases were considered and discussed. The Sequoyah case was designated as the principal case, and at page 117 of the Law Review it is stated:
>
> " 'It would seem that the court in reaching this result ignored the phrase "is joined" in Sec. 1441(c), which was interpreted to mean, even before the principal case, joined in the original complaint. Since the right to remove is purely statutory, and since the Supreme Court has declared that courts by interpretation should not defeat the purpose of Congress to limit removal

jurisdiction, it would seem likely that the principal case rather than the New York case will be followed, with the result that Sec. 1441(c) will not be construed to include claims other than those contained in the plaintiff's complaint.' "

From what has been said it follows that since the claim upon which the instant removal is based was injected into the case by parties other than the plaintiff, the removal under section 1441(c) was improper, and that the case must be remanded to the Circuit Court. An appropriate order will be entered.

---

4. There do not appear to be any published opinions from the Eastern District of Arkansas dealing with the precise problem under consideration. However, the records for the United States District Court for the Eastern District of Arkansas reflect that on July 2, 1958, Judge Lemley entered orders remanding 40 companion cases to the Circuit Court of Cross County, which cases had been removed under section 1441(c) on the basis of allegations contained in third-party complaints. At or about the same time Judge Lemley also remanded a number of similar cases in the Jonesboro Division of the Eastern District of Arkansas.