George **MYERS**, Plaintiff,

v.

James **CAIN**, as Administrator of the Estate of Kathleen Mary Moyer, Deceased, Defendant.

James **CAIN**, as Administrator of the Estate of Kathleen Mary Moyer, Deceased, Third-Party Plaintiff,

v.

**GENERAL MOTORS CORPORATION,** Third-Party Defendant.

Civ. No. 630.

United States District Court
D. Montana,
Billings Division.

Jan. 24, 1968.

J. H. McAlear, Red Lodge, Mont., for plaintiff.

Lyman H. Bennett, Bozeman, Mont., for defendant and third-party plaintiff.

Cooke, Moulton, Bellingham & Longo, Billings, Mont., for third-party defendant.

## ORDER AND MEMORANDUM OPINION

JAMESON, Chief Judge.

Plaintiff brought this action in the District Court of the Sixth Judicial District of the State of Montana in and for the County of Sweet Grass seeking damages for personal injuries sustained in a collision on December 23, 1964, between a 1962 Corvair operated by Kathleen Mary Moyer and a 1964 pickup operated by plaintiff. It is alleged that

Kathleen Mary Moyer operated the Corvair in a careless and negligent manner and at an excessive rate of speed, and that plaintiff's injuries and damages were proximately caused by such negligence.

In an answer filed in state court, defendant denies any negligence in the operation of the Corvair and alleges contributory negligence on the part of plaintiff. Defendant also filed a third-party claim against General Motors Corporation in two counts—one for breach of warranty and the other for negligence, alleging that the collision occurred by reason of improper design of the Corvair and that it was constructed by General Motors in such manner that it was unsafe for operation upon the public highway.[1] By reason thereof defendant and third-party plaintiff seeks recovery from third party defendant for any amount which plaintiff might recover from defendant.

Third-party defendant removed to this court on the grounds that the claims for relief against the third-party defendant are separate and independent claims or causes of action; that different issues of both fact and law are involved; and that there is diversity of citizenship between third-party plaintiff and third-party defendant. Both plaintiff and defendant are citizens of Montana. Third-party defendant is a Delaware Corporation with its principal place of business in Detroit, Michigan.

Plaintiff has not asserted any claim against third-party defendant, and there has been no contention that the third-party claim is not a separate and independent claim. At a pretrial conference counsel for plaintiff proposed that plaintiff's cause of action against the defendant be tried first, particularly in view of the fact that it was indicated at the conference that the trial of the third-party claim might require from two to three weeks. No action was taken on this suggestion and no formal motion has been filed.

Section 1441(c) of Title 28 of the United States Code provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

There has been no motion to remand. There is a question, however, as to whether a claim introduced into an action by a third-party claim affords a basis for removal. The general rules with respect to the removal of a third-party claim are summarized in 1A Moore's Federal Practice § 0.167(10) at page 1053 as follows:

"1.  Courts agree that a third-party claim cannot afford a basis for removal unless the 'separate and independent claim or cause of action' of § 1441(c) applies.

"2.  Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on alone. This takes the entire action into the federal court. The district court may, however, exercise its discretion and remand all matters not otherwise within its original jurisdiction.

"3.  Other courts do not permit removal on the basis of a third-party claim, although it would have been removable by the defending party if the claim had been sued on alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff."

---

1. At a pretrial conference counsel for third-party plaintiff abandoned the claim based on breach of warranty.

Professor Moore favors the rule set forth in paragraph No. 3, i. e., that a third-party claim cannot be the basis of a removal, even though it would be removable by the third-party defendant if the claim had been sued on alone. A leading case supporting this position is Sequoyah Feed & Supply Co. v. Robinson, W.D.Ark.1951, 101 F.Supp. 680.

In the recent case of Wayrynen Funeral Home, Inc. v. J. G. Link & Company et al., D.Mont.1968, 279 F.Supp. 803, Judge Murray concluded that the rule set forth in paragraph 2 supra is preferable and more likely to result in uniformity in the application of the removal statute.[2] The other judges of the Montana District Court concur in Judge Murray's reasoning and conclusions.

Accordingly, it is my conclusion in this case that the court in its discretion should remand the original action to state court and retain the third-party claim pending disposition of the original action in state court.[3] As Judge Murray states in Wayrynen Funeral Home, Inc. v. Link, supra, "by so doing all the parties in both cases will have preserved to them the forum to which they are individually entitled".[4]

It is ordered:

1. That the original action in which George Myers, plaintiff, and James Cain, as administrator of the estate of Kathleen Mary Moyer, deceased, is defendant is remanded to the District Court of the Sixth Judicial District of the State of Montana in and for the County of Sweet Grass.

2. That this court will retain jurisdiction of the third-party claim in which James Cain, as administrator of the estate of Kathleen Mary Moyer, deceased, is third-party plaintiff and General Motors Corporation is a third-party defendant, pending determination by the state court of the original action.

---

2. Cases supporting this position include Industrial Lithographic Co. v. Mendelsohn, D.N.J.1954, 119 F.Supp. 284; McMahon v. City of Troy, N.D.N.Y.1954, 122 F.Supp. 555; President and Directors of Manhattan Co. v. Monogram Associates, E.D.N.Y.1949, 81 F.Supp. 739.

3. As noted supra, no party has contended that the third-party claim is not a separate and independent claim or cause of action. If it were not, it would of course be necessary to remand the entire action. For a discussion of what constitutes a separate and independent claim or cause of action, see 1A Moore's Federal Practice § 0.163; Wright on Federal Courts § 39; 1 Barron and Holtzoff Federal Practice and Procedure § 105.

4. By letters dated December 22, 1967, and January 3, 1968, the court gave counsel for all parties an opportunity to express their views as to whether this order should be entered. Counsel for plaintiff and third-party defendant have no pronounced views, except that counsel for third-party defendant opposes a remand of the entire action. The court has not received any comment from defendant and third-party plaintiff.