Marvin COLEMAN, Plaintiff,

v.

A & D MACHINERY CO., Inc., a Nevada corporation, et al., Defendant.

A & D MACHINERY CO., Inc., a Nevada corporation, Cross-complainant,

v.

Marvin COLEMAN, individually and dba as C & M Construction Co., Leo L. Davis, Inc., Garwood Industries, a corporation, Doe I through Doe X, inclusive, Cross-defendants.

Civ. S–1030.

United States District Court
E. D. California.

March 26, 1969.

Beverly & Riley, South Lake Tahoe, Cal., for defendant and cross-complainant.

Max H. Hoseit, Sacramento, Cal., Leavy & Graf, South Lake Tahoe, Cal., for plaintiff and cross-defendant.

John J. Hannegan, Vigfus A. Asmundson, Diepenbrock, Wulff & Plant, Sacramento, Cal., for cross-defendant Garwood Industries.

MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is a motion for remand of this action to the state court under 28 U.S.C. § 1447(c); it had been previously removed to this court under 28 U.S.C. § 1441(c). At issue are the removal rights of third party defendants.

The pertinent facts are as follows. Plaintiff Marvin Coleman sued A & D Machinery for breach of warranty in the sale of a trencher (construction machine). A & D Machinery filed a cross-complaint against plaintiff and his al-

leged principal for breach of the contract of sale and against Garwood Industries, from whom it had purchased the trencher, for breach of warranty. Although plaintiff is a resident of California and defendant A & D is a Nevada corporation, the original action was brought in a state court. Defendant made no attempt to remove. However, Garwood Industries, the third party defendant, a Michigan corporation, removed the case to this court. A & D now moves to remand the case to the state court: the Superior Court of the State of California in and for the County of El Dorado.

The relevant statutes are 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

and 28 U.S.C. § 1447(c):

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. * * *

This motion presents two questions: 1.) Does a third party defendant have the right to remove under § 1441(c)? 2.) Is the cross-claim against Garwood a "separate and independent claim" as required to allow removal under the statute?

The resolution of these questions is by no means easy. After examining the authorities one judge was moved to comment that "it is not an exaggeration to say that at least on the surface the field luxuriates in a riotous uncertainty." Harper v. Sonnabend, 182 F.Supp. 594, 595 (S.D.N.Y.1960). There is a clear-cut split of authority as to whether a third party defendant has the right to remove. Professor Moore has taken the position that § 1441(c) does not authorize removal on the basis of a third party claim:

> The purely statutory right of removal is a limited right that is not to be expanded by judicial construction. If the original defendants have no right to remove the plaintiff's suit, or if the original defendants have chosen not to exercise their right of removal, why should an ancillary defendant to an ancillary claim be construed, absent an express statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum? We believe that the joinder of claims under § 1441(c) is limited to the plaintiff's claims, and for the reasons expressed concerning counter-claim and cross-claim defendants, we believe that a third party defendant is not a defendant within the meaning of § 1441. (1A Moore's Federal Practice 1053 (1965))

Professor Moore further states:

> We do not * * * believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such a basis is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims. (1A Moore's Federal Practice 1052 (1965))

There are a number of cases which share these views.[1]

The most often quoted statement of the contrary view is that of Judge

---

1. *See e. g.,* Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D.Ill.1967); White v. Baltic Conveyor Company, 209 F.Supp. 716 (D.N.J.1962); Burlingham, Underwood, Barron, etc. v. Luckenbach S. S. Co., 208 F.Supp. 544 (S.D.N.Y. 1962); Shaver v. Arkansas-Best Freight System, Inc., 171 F.Supp. 754 (W.D.Ark. 1959); Sequoyah Feed & Supply Co. v. Robinson, 101 F.Supp. 680 (W.D.Ark. 1951).

**236**

Meaney in Industrial Lithographic Co. v. Mendelsohn, 119 F.Supp. 284, 286 (D. N.J.1954):

> The court is aware of the view of Professor Moore * * * Yet it would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100 at page 104, 61 S.Ct. 868 at page 870, 85 L.Ed. 1214, "The removal statute which is nation-wide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."

If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had New Jersey practice not permitted third party joinder, McKesson & Robbins, Inc. might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned. It does not seem to this court that the right of removal may be defeated by a procedure made possible by local law, as would appear to be the effect of Professor Moore's dictum and the opinion in the Sequoyah case [*supra* note 1]. (119 F.Supp. at 286)

Likewise, there are a number of courts which have preferred this reasoning.[2]

▇▇▇ I subscribe to the latter view and hold that third party defendants do have the right to remove under § 1441 (c). A few observations on Professor Moore's arguments are in order: To call for strict statutory construction assumes the answer to the question being decided and does not advance the analysis much. Moore looks at the case from plaintiff's viewpoint, calls Garwood Industries (third party defendant in this case) ancillary defendant, and points to the statute which says "defendants" may remove. But the term "defendant" does not appear in subsection (c); it is in subsections (a) and (b). Looking from the point of view of Garwood Industries, it is just as much a defendant as the original defendant, A & D Machinery. It seems more appropriate to look from Garwood's point of view since the removal statute was not written with the protection of the plaintiff primarily in mind.[3]

Professor Moore's "tail wagging the dog" argument is more persuasive except that in practice it does not work out that way. In virtually every case in which a court has allowed a third party defendant to remove, the court has used its statutory discretion to remand all but the cross-claim.[4] Thus the tail is left wagging only the tail. Secondly, it may be a bit misleading to describe the situation as the tail wagging the dog since very often, as in this case, the purpose of joining the third party defendant is to shift the entire liability in

---

2. *See e. g.*, Wayrynen Funeral Home, Inc. v. J. G. Link & Company, 279 F.Supp. 803 (D.Mont.1968); Rafferty v. Frock, 135 F.Supp. 292 (D.Md.1955); McMahon v. City of Troy, 122 F.Supp. 555 (N.D. N.Y.1954). *See also* President and Directors of Manhattan Co. v. Monogram Associates, 81 F.Supp. 739 (E.D.N.Y. 1949).

3. The right of removal is of course intended to protect defendants. However, in the sense that the 1948 amendment was passed to limit removal rights (American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702 (1951)), it can be interpreted as intending to protect also plaintiffs' right to select the forum.

4. *See* cases cited *supra* note 2.

the original suit to the third party defendant. Which action then is the tail and which the dog?

The statute requires that in order to be removable the connected claim must be "separate and independent." 28 U.S.C.A. § 1441(c). I now move to the determination of that question. The original claim was by the purchaser of a machine against the seller (behaving in this case like a retailer) for breach of warranty when the machine allegedly proved defective. The cross-claim, which must be separate and independent of that claim, was by the seller (retailer) against the manufacturer for breach of warranty if the machine was proved defective. The question is thus whether an action for indemnity is "separate and independent" under the meaning of the statute from the action which engenders it.

In the sense that each action arises out of a separate sales transaction and is based on a separate contract of sale, the actions are "separate and independent." But in the sense that both actions resulted from the same defect to the same machine, they are not independent. Which is the correct characterization? Again the authorities are split. Some cases have flatly held that indemnity actions are not independent,[5] while others have characterized claims that essentially sought indemnity as separate and independent.[6] The only Supreme Court case to examine the meaning of "separate and independent" under this statute did not involve a third party defendant.

The defendant who had removed was one of several defendants in the original action. The Court concluded:

> \* \* \* that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). [American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540 (1951).]

That language convinces me that the proper focus should be the injury which occurred and not the transactions which created legal liability. Applying that test to the instant case, the same defect in the same machine gave rise to the liability of both original defendant and cross-defendant, and the claims against each are therefore not separate and independent under the statute. The removal was improper.

It could be argued that such a construction would prevent removal of virtually any case since joinder in the state court is usually dependent upon common questions of law or fact and claims arising out of a single transaction or series of transactions.[7] That may be true,[8] but the purpose of the 1948 amendment of the removal statute was to limit removal from state courts. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Under this construction the intent of Congress will be best carried out. The number of removable cases of this type will depend upon the liberality of state joinder provisions.[9]

---

5. *See* Holloway v. Gamble-Skogmo, Inc., 274 F.Supp. 321 (N.D.Ill.1967); Rager v. Crampes, 223 F.Supp. 346 (W.D.Ky. 1963); Harper v. Sonnabend, 182 F. Supp. 594 (S.D.N.Y.1960).

6. *See* Wayrynen Funeral Home, Inc. v. J. G. Link & Company, 279 F.Supp. 803 (D.Mont.1968); Rafferty v. Frock, 135 F.Supp. 292 (D.Md.1955); McMahon v. City of Troy, 122 F.Supp. 555 (N.D.N.Y. 1954).

7. This point has been made by the commentators, though not necessarily disapprovingly. See e. g., Wright, Handbook of the Law of Federal Courts, 117–118 (1963).

8. *But see* Wayrynen Funeral Home, Inc. v. J. G. Link & Company, *supra* note 6, for a claim arguably separate and independent under the test I apply. *See also* case cited *infra* note 9.

9. At first blush this may appear inconsistent with Judge Meaney's reasoning in Industrial Lithographic Co. v. Mendelsohn, quoted *supra* at page 236. However, such is not the case. To say that the number of removable cases of this type will depend upon the liberality of

It is therefore ordered that this case be, and the same is, hereby remanded to the Superior Court of the State of California in and for the County of El Dorado.

state joinder provisions is not to say that federal rights will depend on state standards. The right to trial of a cause of action in federal court will remain constant. In a liberal joinder state a truly "separate and independent" claim will be removable as part of a lawsuit containing non-removable claims. In a restrictive joinder state the same "separate and independent" cause of action will have to be brought independent of the non-removable claims; but because amenable to federal jurisdiction it will also be removable. Thus, the state joinder rule will not defeat a right of removal which might be enjoyed in similar litigation in other states, the chief concern of Judge Meaney. For a case apparently removable even under the strictest interpretation of "separate and independent," see Industrial Lithographic Co. v. Mendelsohn, 119 F. Supp. 284 (D.N.J.1954).